PER CURIAM.
Defendant was convicted, after a trial by jury, of Simple Burglary. La.R.S. 14:62. Pursuant to the provisions of La.R.S. 15:529.1 the district attorney filed an information charging defendant with being a multiple offender. On March 5, 1971, defendant was arraigned and pleaded guilty to being a multiple offender, and he was sentenced to twelve years at hard labor. Defendant appeals from his conviction for Simple Burglary.
Police officers on patrol spotted defendant while he was lying half in and half out of an automobile parked on the street. The officers observed that he was apparently . putting something under the front seat. They stopped to question defendant and' one of the officers removed a brown paper bag containing four tapes, a stereo tape player, and an FM radio from under the seat. A further search under the seat • ;! !• produced a coat hanger wire.
While the officers were questioning defendant, the owner of the car returned and informed the officers the car was locked when she left it and that defendant did not hávé"permission to enter the car. Whereupon defendant was placed under arrest and advised of his rights.
At the trial the owner of the car testified.-that when she left the car it wasu. locked with the windows rolled up, that the. stereo tape deck was mounted under the dashboard of the car, the tapes were in the glove compartment, and neither the FM radio, the coat hanger wire, or the brown paper bag was in the car.

Bill of Exceptions No. 1

Patrolman Michael Kilbride testified that he had been a police officer for four years, and that he had seen coat hangers bent in a similar fashion to the one found in the automobile in which defendant was arrested on five previous occasions in connection with auto burglary investigations. The trial court qualified him as an expert and allowed him to express the opinion, over defendant’s objection, that a coat hanger bent in the fashion of the one introduced into evidence could be used to gain access to a locked automobile.
Bill of Exceptions No. 1 was reserved to the introduction of this opinion testimony.
“The test of the competency of an expert is his knowledge of • thp subject about which he is called upon to. express an opinion, and before any. witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.” La.R.S. 15:466.
The trial .court has .wide .discretion in passing on the qualifications of a witness ten *48 dered as an expert. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971); State v. Square, 257 La. 743, 244 So.2d 200 (1971); State v. Washington, 256 La. 233, 236 So.2d 23 (1970); State v. Alexander, 252 La. 564, 211 So.2d 650 (1968). We cannot say that the trial court abused its discretion in qualifying this officer as an expert and allowing him to testify as to' the use to which a coat hanger such as this could be püt.

Bill of Exceptions ATo. 2

Defendant objected to the introduction into evidence of the brown paper bag, the tapes, the stereo tape deck, the FM radio, and the coat hanger, all of which were found in the car which defendant was charged with burglarizing. Defendant complains that since none of these items were found in his possession, and none of them were identified as belonging to him, they should not have been admitted into evidence.
Defendant’s objection is groundless! The fruits and physical evidence of a crime as well as the tools used to commit the crime are relevant to show the commission of the crime, La.R.S. 15:441, and as such are admissible on the trial of the case. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971).
The conviction and sentence are affirmed.