PER CURIAM.
The defendant, Henry Charles Walker, appeals his conviction of simple burglary, La.R.S. 14:62 for which he was sentenced to serve eight years in the State Penitentiary. The defendant relies upon two bills of exceptions in pursuing his appeal.
Bill of Exceptions No. 1 alleges the trial judge erred when he permitted two slides containing fingerprints found at the scene of the burglary to be introduced into evidence. Counsel for the defense maintains the slides are objectionable because, “there was no positive proof of being those (the prints) that were taken from a particular place at the scene of the burglary.”
Counsel for the defense does not attack the testimony of Officer Daniel O’Neil, the fingerprint expert. His objection seems to be centered around the “chain of custody” of the physical fingerprint evidence. He contends the State did not sufficiently show that the fingerprint evidence sought to be admitted was the same as that evidence taken at the scene of the burglary. This contention is without merit. On direct examination, Officer O’Neil stated he personally “lifted” the fingerprints from various objects at the scene of the burglary. The crucial print slides which led to the identification of the defendant as the perpetrator of the burglary were labeled by Officer O’Neil and identified as to their source at the time he took the fingerprints. The same testimony was repeated on *72 cross-examination, re-direct examination and re-cross examination.
We find that this demonstrative evidence was properly identified hy the testimony of Officer O’Neil. For admission into evidence, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Regarding the “chain of custody”, Officer O’Neil explained the procedures followed by the latent print section of the Crime Lab, specified the location, method of preservation, classification, and those who had access to the prints while in police custody. He unequivocally stated the prints offered by the State were those he took at the scene of the burglary. Such testimony amply lays the foundation for admitting the slides into evidence. La.C.Cr.P. art. 773; State v. Dotson, supra. Thus admitted, the connexity of this physical evidence to the culpability of the defendant is a factual matter for determination by the jury. State v. Dotson, supra.
Bill of Exceptions No. 2 was taken to the denial of a motion for new trial based on the grounds advocated in Bill No. 1. For the reasons stated this second bill also lacks merit.
For the reasons assigned, conviction and sentence are affirmed.