284 So.2d 584 (1973)
STATE of Louisiana
v.
Edward FRANKS.
No. 53603.
Supreme Court of Louisiana.
October 29, 1973.
*585 Emile A. Carmouche, Jr., Crowley, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., G. Thomas Porteous, Jr., Sp. Counsel to Atty. Gen., Baton Rouge, Alfred R. Ryder, Dist. Atty., Errol D. Deshotels, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant Edward Franks was tried under a bill of information charging him with attempted aggravated rape. R.S. 14:42 and R.S. 14:27. Defendant was convicted after a trial by jury and was sentenced to serve fifteen years in the Louisiana State Penitentiary. Defendant appeals relying on two perfected bills of exceptions and alleged errors patent on the face of the record.[1]
*586 In brief defendant argues that there are several errors discoverable by a mere inspection of the pleadings and proceedings. C.Cr.P. 920.
First, defendant contends that the trial court lacked jurisdiction due to the unconstitutional exclusion of women from grand and petit jury venires.
The criminal jurisdiction of the courts of this State is granted by our Constitution. Alleged defects in the composition of a jury venire do not operate to deprive a court of jurisdiction over a case. La.Const. Art. 7(1921); C.Cr.P. 16.
Second, the defendant contends that the record fails to indicate whether the defendant or his counsel was present at arraignment. The record does indicate that counsel was appointed to represent defendant and that a plea of not guilty was entered.
It is true that a defendant has a right to be present at his arraignment. C. Cr.P. 831(1). However, where a defendant enters upon trial without objecting to the defect, he is deemed to have waived his right under C.Cr.P. 555, which provides:
"Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty."
Moreover, the defendant does not contend nor show that any prejudice resulted from the entering of the plea of not guilty.
Third, defendant contends that the bill of information is fatally defective in that it cites only R.S. 14:27 as the statute violated.
The bill of information contains adequate language to properly charge the defendant under C.Cr.P. 465. When a crime is charged pursuant to the provisions of C.Cr.P. 465 it is not necessary to cite the statute the defendant is accused of violating. State v. Allen, 273 So.2d 504 (La. 1973). Further, the defendant does not contend that he was misled or prejudiced by the partial citation.
Fourth, defendant finally urges that the absence of minute entries in the record indicating that the requirements of C.Cr.P. 809, 810 were complied with constitutes an error patent on the face of the record requiring reversal.
C.Cr.P. 811 provides:
"If the verdict is correct in form and responsive to the indictment, the court shall order the clerk to receive the verdict, to read it to the jury, and to ask: `Is that your verdict?' If the jury answer `Yes,' the court shall order the clerk to record the verdict and shall discharge the jury." (Emphasis added).
We find that the second sentence of the article above sets forth the requirements as to what the record must contain concerning the verdict when the jury is not polled. The record in the present case meets this requirement. There is a copy of the verdict signed by the foreman as well as adequate minute entries.
We find no errors patent on the face of the record.
Bill of Exceptions No. 7
This bill was reserved to the introduction into evidence of State exhibits marked S-1 through S-10. S-1 and S-2 were items of clothing; S-3 and S-4 were photographs of the victim; S-5 through S-10 were photographs of the scene of the crime.
Exhibits S-1 through S-4 were objected to because of an alleged failure to establish a chain of custody. Exhibits S-5 through S-10 were objected to for the same reason and because six months had elapsed between the time of the offense and the taking of the photographs.
*587 For admission into evidence a proper foundation must be laid, and the objects be reasonably identified. The law requires that evidence as to the "chain of custody" establish that it is more probable than not that the object is the one connected with the case. Lack of positive identification, however, goes to the weight of the evidence rather than to its admissibility. State v. Walker, 263 La. 67, 267 So.2d 197 (1972); State v. Foster, 263 La. 43, 267 So.2d 188 (1972); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
We find that an adequate foundation had been laid for introduction of each of the exhibits. In addition, we find the six month lapse between the taking of the photographs of the scene and the offense to be immaterial in the absence of a showing that the photographs did not accurately depict the scene as it existed at the time of the offense.
This bill is without merit.
Bill of Exceptions No. 14
This bill was reserved when the court denied Mr. Fuselier's motion to withdraw as attorney of record. The motion resulted from the judge holding defense counsel in contempt early in the trial and from an exchange between the court and defense counsel that occurred when the judge ordered two witnesses, Daniel Scott and Elmo Collins, jailed after they admitted under oath that they violated their probation.
Both of these incidents occurred outside the presence of the jury and the second incident occurred after the witnesses had testified.
In denying the motion the trial judge was expansive in his praise of the efforts of defense counsel and made every effort to reassure counsel of the court's impartiality.
The grant or denial of a motion to withdraw as counsel is within the well founded discretion of the trial court. Cf. State v. Boudoin, 257 La. 583, 243 So. 2d 265 (1971). Under the circumstances we cannot say the trial court abused his discretion in denying the motion.
This bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] The defense reserved a total of fourteen bills of exceptions; however, only bills numbered 7 and 14 were perfected. Our review is limited to these bills and errors patent on the face of the record. C.Cr.P. 920.