285 So.2d 191 (1973)
STATE of Louisiana
v.
Joseph Glenn FRANCIS and Willis Richard.
No. 53669.
Supreme Court of Louisiana.
October 29, 1973.
Rehearing Denied November 30, 1973.
A. J. Plaisance, W. Paul Hawley, Lafayette, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
The defendants, Joseph Francis and Willis Richard, were charged with attempted armed robbery, R.S. 14:64 and 14:27. After trial by jury, defendants were convicted *192 and sentenced to twenty years at hard labor.
Bills of Exceptions Nos. 1 and 2
When the original petit jury venire was exhausted and an additional thirty tales jurors were called, objection was made on behalf of defendants that of the first twenty-seven prospective jurors examined on voir dire, only four were black and none were female, and that of the twelve tales jurors present in court only one was black and none were female. Without any further showing, defendants contend that they have placed a prima facie case of racial discrimination in the selection of the petit jury venire before the court which must be refuted by the State. First, we note that the defendants did not use the proper vehicle for presenting the question of jury discrimination. Simple objection is not the method for challenging the petit jury venire. The question of whether the petit jury venire was improperly drawn or constituted is properly raised by motion to quash under C.Cr.P. Art. 532 and must be filed before trial as provided in C.Cr.P. Art. 535. However, in order to avoid a post-conviction procedure[1], we observe that even if the attack upon the petit jury venire had been properly and timely made, it is without merit. The totality of the evidence relied upon by the defendants is the fact that only four jurors out of the first twenty-seven jurors were black, and none were female, and only one of the tales jurors was black and none were female. We are not given the population percentages of blacks and females. No showing is made of discriminatory method or practice in the selection of the venire. A majority of this court would hold that females are exempt from jury service under C.Cr.P. Art. 402 and Louisiana Constitution Article 7, Section 41.[2]
In argument, defendants refer us to the case of Alexander v. La., 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972), where the United States Supreme Court held unconstitutional the method employed in this jurisdiction for selecting the grand jury venire. The record of that case is not made a part of these proceedings. The jury venire from which the grand jury was drawn which indicted Alexander was selected in 1967. The defendants obviously could not have introduced the Alexander record into this record because of the State's contention in oral argument that the manner of jury selection in Alexander no longer is used, and was not in effect at the trial of these defendants. The defendants have simply failed to establish a prima facie case of discrimination. Bills of Exceptions Nos. 1 and 2 are without merit.
Bill of Exceptions No. 3
This bill of exceptions pertains to the trial court accepting one Ralph Huval as an expert in the field of ballistics over defendants' objection.
R.S. 15:466 provides:
"The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court."
A trial court has broad discretion in passing on the qualifications of a witness tendered as an expert. State v. Foster, 263 La. 43, 267 So.2d 188 (1972). In view of Huval's educational background and the fact that he had worked in the field of ballistics for approximately one year, the trial court did not abuse its discretion.
This bill is without merit.
*193 Bill of Exceptions No. 4
Bill of Exceptions No. 4 was reserved when the trial court denied defendants' request that the jury be charged as follows:
"Circumstantial evidence is legal evidence, but it must be of such a character and nature as to exclude every hypothesis other than that of guilt * * *."
Bill of Exceptions No. 5 was reserved when the trial court accepted a request by the State to charge the jury as follows:
"I charge you that circumstantial evidence is legal, and that you may convict upon such evidence alone; but I charge you that, to do so, the circumstances relied on for conviction must not only be consistent with defendant's guilt, but inconsistent with every other reasonable hypothesis. This rule applies only when the conviction depends entirely on circumstantial evidence, so that, if there is any direct evidence tending to connect the defendant with the commission of the crime charged, the rule above given does not apply."
La.Code of Criminal Procedure Article 807 provides:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
The charge requested by the defendants was completely contained in the special charge accepted from the State. The latter charge was complete and a correct statement of the rule of law.
Bills of Exceptions Nos. 4 and 5 are without merit.
Bill of Exceptions No. 6
Bill of Exceptions No. 6 was reserved by the defendants when the trial court accepted, over defendants' objection, the State's special request for the following jury charge:
"In order to show intent, evidence is admissible of similar acts independent of the act charged as a crime in the inditement, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
The charge is the correct statement of the law. Bill of Exceptions No. 6 is without merit.
For the reasons assigned, the defendants' convictions and sentences are affirmed.
NOTES
[1] Under this State's habeas corpus remedy it is provided that a person in custody by virtue of a court order be discharged if: "He was convicted without due process of law." C.Cr.P. Art. 362(9).
[2] The writer is of the belief that female exclusion provided in our Constitution and our Code is in contravention of the United States Constitution Sixth and Fourteenth Amendments.