294 So.2d 227 (1974)
STATE of Louisiana
v.
Raymond PRIEUR.
No. 54224.
Supreme Court of Louisiana.
April 29, 1974.
Sidney A. Ordoyne, Jr., Jena, Wollen J. Falgout, Thibodaux, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., Walter K. Naquin, Jr., L. G. Laplante, Asst. Dist. Attys., for plaintiff-appellee.
BARHAM, Justice.
Defendant, Raymond Prieur, was tried and found guilty of armed robbery and sentenced to serve thirty-five years at hard labor. On this appeal he relies upon two bills of exceptions.
BILL OF EXCEPTIONS NO. 1
Defendant filed a motion to quash the bill of information on the ground that the petit jury venire was improperly drawn, selected and constituted. His contention is that Article 7, § 41 of the Constitution of the State of Louisiana, and Article 402 of the Louisiana Code of Criminal Procedure exclude women from jury service and constitute a denial of equal protection and due process under the United States Constitution. Our Court has repeatedly held to the contrary. See State v. Gray, 291 So.2d 390 (La.1974), and cases cited therein. At this time, then, a majority of this Court still rejects the argument of unconstitutionality made by this defendant.[*] This bill must, therefore, be held to be without merit.

*228 BILL OF EXCEPTIONS NO. 3
During voir dire examination of the first group of potential jurors, defense counsel posed the following question:
"If the defendant testified on his own behalf in this case, and if that testimony contradicts testimony of a police officer, all other factors being equal would you tend to believe the officer rather than my client?"
The trial court sustained the State's objection to this question. We are of the opinion that the question is perfectly proper for voir dire examination. However, we do not hold this ruling to constitute reversible error in this case.
Before defense counsel made this particular inquiry, he had asked of the several jurors who were being examined if they had friends on the police force. Several replied that they knew policemen or had friends on the police force. Counsel asked one of these prospective jurors:
"* * * Would your friendship with members of the police force that you know in any way affect your judgment as to the credibility or the truthfulness of police officers versus ordinary witnesses?"
One juror said it would not; one juror replied: "It might." The latter juror was challenged for cause and excused by the court. All of the subsequent jurors called for examination were questioned about any friendship with police officers and about the potential jurors' weighing of the credibility of a police officer and lay witnesses. Although he did not precisely state again the question which the trial court had denied him permission to pose earlier, defense counsel thoroughly probed the minds of the prospective jurors as to the credibility they would attach to the testimony of police officers as against non police officers. He was able to challenge for cause or peremptorily according to the response of the potential jurors on their acceptance of testimony from police officers.
Defense counsel argues with logic and with strength that he should be permitted to question prospective jurors for possible bias in favor of police testimony. We agree with the argument of counsel. However, we are of the opinion that from a thorough reading of the voir dire examination of the jurors in this case counsel was fully informed of any posisble bias for the purposes of exercising peremptory or cause challenges in this area.
Finding that the error complained of was not prejudicial to the substantial rights of the accused or a substantial violation of a statutory right, we refuse to reverse. Code of Criminal Procedure Article 921.
The conviction and sentence are affirmed.
SANDERS, C. J., concurs with written reasons.
DIXON, J., concurs.
SANDERS, Chief Judge (concurring).
Under the circumstances, I do not believe the trial judge abused his discretion in disallowing the voir dire question concerning the testimony of police officers. See Gorin v. United States, 1st Cir., 313 F.2d 641 (1963), cert. den. 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052; United States v. Gassaway, 5th Cir., 456 F.2d 624 (1972); United States v. Jackson, 5th Cir., 448 F.2d 539 (1971). Hence, I concur in the decree.
For the reasons assigned, I respectfully concur.
NOTES
[*] The writer of this opinion does not join with the majority in this rejection. See dissents in State v. Enloe, 276 So.2d 283 (La.1973), and State v. Daniels, 262 La. 475, 263 So.2d 859 (1972).