298 So.2d 814 (1974)
STATE of Louisiana
v.
Dennis SEARS.
No. 54574.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
*817 James J. Gleason, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant was tried under an indictment charging him with murder. R.S. 14:30. He was convicted after a trial by jury and sentenced to life imprisonment at hard labor. He appeals.[1]
On February 3, 1971 four young men were accosted by two men, one later identified as the defendant, as they left Carver High School in New Orleans, Louisiana. The men demanded the boys' coats. When they hesitated, Sears produced a pistol. One of the boys, Glenn Williams, ran and was shot and killed.
The accused argues that a defect patent on the face of the record exists in that the minute entries fail to indicate that the defendant was arraigned.
It is true that a defendant has a right to be arraigned. C.Cr.P. 551. However, where a defendant enters upon trial without objecting to the defect, he is deemed to have waived his right under C. Cr.P. 555, which provides:
"Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty."
Moreover, the defendant does not contend nor show that any prejudice resulted from the entering of the plea of not guilty. Cf. State v. Franks, 284 So.2d 584 (La. 1973).
*818 This contention is without merit.
Bill of Exceptions No. 1
This bill was reserved when the trial court sustained the State's refusal to divulge its list of witnesses in response to a bill of particulars.
The ruling of the trial judge was correct. There is no right to broad pretrial discovery in criminal cases. State v. Hunter, 250 La. 295, 195 So.2d 273 (1967).
This bill is without merit.
Bill of Exceptions No. 2
This bill was reserved when the trial court denied defendant's request for discovery of oral inculpatory statements, written unsigned inculpatory statements, paraphrased inculpatory statements in the police or district attorney's files, laboratory reports and a list of the physical evidence in the possession of the State.
As stated above, except for certain exceptions, there is no right to pretrial discovery in criminal cases. The requests by defendant do not fall within any of the exceptions and were properly denied. See State v. Lawrence, 294 So.2d 476 (La. 1974).
Bill of Exceptions No. 4
This bill was reserved when the trial court sustained the State's objection to introduction of a letter written to Sears' lawyer and purportedly signed by Sears at the hearing on a motion to suppress. The letter was offered as being probative of the fact that the accused was illiterate. The State's objection was based on failure to lay an adequate foundation for introduction.
The letter itself was of no probative value. Defendant Sears said he did not write it. The witness Wilson denied writing it and testified that Sears did not write it. Wilson recognized the handwriting as that of one Robey, who was not present. The admission of the letter itself would add little or nothing to Sears' contention that he could not write, and its exclusion was not error.
There is no merit in this bill.
Bill of Exceptions No. 5
This bill was reserved when, at the trial on the motion to suppress the confession, Lawrence Matthews, then a co-defendant, was called to testify by Sears' lawyer. Matthews' lawyer announced that he would allow him to take the stand "for the limited purpose of being examined and cross-examined on the question of letter writing ....". The object of the testimony was to contradict the police, who had testified that Sears could read and write.
The State objected, declining to limit the cross-examination in advance.
Examination and cross-examination would have been limited on the motion to suppress to a determination of the admissibility of the confession. The position of the prosecution and the ruling of the trial court were probably erroneous. But in the midst of the trial, in the context of which Matthews' attorney sought to limit the State's cross-examination prior to the direct examination, the error is excusable, and not reversible for the reason that Sears and Wilson had both testified that Sears could not write. Sears, however, admitted that he could read some words. Matthews' cumulative testimony could not be expected to change the ultimate finding by the trial judge that the confession was admissible.
This bill is without merit.
Bills of Exceptions Nos. 6, 19 and 21
These bills pertain to the denial of the motion to suppress defendant's confession and the subsequent introduction of that confession in evidence. It is alleged that *819 the confession was involuntary because it was coerced by physical force and was given while the accused was under the influence of drugs, and because of the illiteracy of the accused.
The record supports the conclusion that the confession was obtained after the defendant was advised of his constitutional rights and without use of force, promises or threats. The defendant testified that he had used heroin shortly before his arrest. At hearing on the motion to suppress defense counsel attempted to establish that the defendant was ill, suffering withdrawal symptoms, at the time the confession was gained. The police officers who were present when the statement was given all testified that the accused appeared to be normal during this period. The defendant testified that he was "not coming down" during this time. There is no evidence to support the contention that the defendant's awareness and understanding of his circumstances were affected by his use of drugs.
Nor do we find merit in the contention that the confession was not free and voluntary because the accused is allegedly illiterate. The evidence clearly establishes that the defendant understood he was giving a statement regarding his involvement and participation in the crime before the bar. He signed the statement understanding it to be such after being advised of his rights under Miranda. Under the circumstances his alleged inability to read or write does not affect the voluntary nature of the statement. The confession was properly admitted in evidence.
These bills are without merit.
Bills of Exceptions Nos. 7, 15, 17, 18, 23 and 27
These bills relate to the identification of the defendant.
Bill No. 7 was reserved in response to the trial court's denial of defendant's motion to suppress the line-up identification of the defendant. The evidence adduced at hearing on the motion establishes that the line-up was conducted in a fair and nonsuggestive manner. Cf. State v. Newman, 283 So.2d 756 (La.1973).
The procedure in question was a six man line-up. The other participants were similar in height, build and other physical characteristics to the accused. The accused was allowed to select his position and to position the other men as he pleased. There is no indication that the police officers attempted to suggest to the witnesses viewing the line-up that they should pick out the defendant. The conduct of an identification procedure in such a manner does not offend the rights of an accused.
Bill No. 15 was reserved when the trial court overruled defendant's objection to an in-court identification by a witness. The ground for the objection was an allegation that the State had failed to lay a proper predicate or foundation for the identification.
Assuming that where an in-court identification is attacked as tainted it is necessary to establish that prior identification procedures were conducted fairly and in observance of the rights of the accused or that the identification has a source independent of the tainted procedure, nevertheless the ruling of the trial court was not erroneous. See State v. Jones, 261 La. 422, 259 So.2d 899 (1972). The fact that the in-court identification was not tainted by prior illegal procedures was established on the motion to suppress. This was sufficient to permit the in-court identification.
Bill No. 17 was taken when the trial judge overruled defendant's objection to testimony concerning a tentative identification made at a line-up by the witness. Bill No. 18 was reserved when that same witness made a positive in-court identification of the defendant. Neither bill has merit. The identification was not tainted. *820 The failure of the witness to make a positive identification at the line-up goes to the weight to be given the in-court identification. The rulings of the trial court were correct.
Bill No. 23 pertains to a ruling permitting introduction of a waiver of attorney form executed by the defendant in conjunction with a line-up procedure. Defendant's contention with respect to this bill is apparently that the line-up was tainted because the defendant was not furnished counsel and because the waiver form was not effective. The line-up in question was held the day after the accused was arrested and approximately three weeks prior to the time an indictment was returned against him. Counsel need not be provided at an identification procedure held before formal institution of prosecution. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Lawrence, supra.
Bill No. 27 was reserved when the trial court overruled defendant's objection to introduction of a photograph of the line-up. It suffices to say that the photograph was probative and was admitted in evidence after the proper foundation was laid.
These bills are without merit.
Bill of Exceptions No. 11
This bill pertains to the excusing of a prospective juror by the trial court. On voir dire the juror expressed scruples against the imposition of capital punishment. The State challenged for cause. After further interrogation by the defense counsel and the court the challenge was denied. The juror then asserted that he was self-employed and jury service would work a financial hardship on him so as to prevent him from concentrating fully on the case. The State once again challenged for cause which was denied. After a brief period of further voir dire concerning the ability of the juror to concentrate on the case the court excused the juror.
In his per curiam the trial judge states that excusing the juror was not done as a grant of the State's challenge for cause, but was done on the judge's own authority because he was convinced that neither the State nor the defendant would receive full, fair and impartial consideration from the juror.
C.Cr.P. 787 provides:
"The court may disqualify a prospective petit juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case."
The action of the trial court was authorized by this section and is correct.
Bill of Exceptions No. 14
This bill was reserved when the trial court admitted several photographs in evidence over objection that a proper foundation had not been laid.
Our review of the testimony supporting introduction of this evidence reveals that the photographs were sufficiently identified. The photographers testified as to the circumstances under which the photographs were made and identified their contents.
This bill is without merit.
Bill of Exceptions No. 16
This bill was reserved when the trial court permitted the State to ask the witness Fields where he got the money to buy the jacket which was stolen from him during the transaction which resulted in the offense before the bar. The question was objected to as being immaterial.
We agree that the question did not seek information relevant to a material issue in this case. However, we fail to see how the ruling of the trial court resulted in prejudice to the defendant. The ruling was harmless error. C.Cr.P. 291.
This bill is without merit.
*821 Bill of Exceptions No. 20
This bill was reserved when the trial court refused to permit the defendant to take the stand, in the presence of the jury, for the limited purpose of testifying with respect to the free and voluntary nature of the confession gained from him.
The issue of the admissibility of a confession is to be determined by the trial court out of the presence of the jury. R.S. 15:451; State v. Green, 221 La. 713, 60 So.2d 208 (1952). During hearing on that issue the defendant may take the stand and he shall not be examined except with respect to the voluntary nature of the confession. Once the trial judge has determined that the confession is admissible, any evidence submitted to the jury regarding the circumstances surrounding the obtaining of the confession is solely for the purpose of determining the effect or weight to be given the statement. C.Cr.P. 703. If the defendant takes the stand in an attempt to mitigate the effect of the confession he does so subject to the rules regarding cross-examination. R.S. 15:462; State v. Cripps, 259 La. 403, 250 So.2d 382 (1971). He may be cross-examined on the entire case.
This bill is without merit.
Bills of Exceptions Nos. 24 and 26
These bills were reserved when the trial court admitted a black leather jacket into evidence. The objections presumably were grounded on relevancy. It is now argued that the evidence should have been excluded because it was gained by means of an illegal search and seizure.
Defense counsel filed a motion to suppress evidence as well as motions to suppress the identification and defendant's confession. Hearings were held on rulings made on the latter two; however, defendant proceeded to trial without having had a hearing on the motion relating to the evidence or a ruling thereon. After verdict and sentence defense counsel interposed an "objection" in an attempt to have this issue reviewed.
Pretermitting the question of waiver we find no merit in defendant's contention. The evidence establishes that the defendant freely and without coercion informed the police that he possessed the coat and called his mother and requested that she give the coat to the police.
A valid search or seizure may be made without a warrant where the accused consents to such a search or seizure. State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968); State v. Page, 251 La. 810, 206 So.2d 503 (1968). Cf. State v. Meichel, 290 So.2d 878 (La.1974).
These bills are without merit.
Bills of Exceptions Nos. 25 and 31
These bills were reserved when the trial court admitted the pellet recovered from the victim's body in evidence. The objection to the evidence was grounded on the alleged failure of the State to lay a proper foundation to support introduction of the evidence.
In State v. Franks, supra, we said:
"For admission into evidence a proper foundation must be laid, and the objects be reasonably identified. The law requires that evidence as to the `chain of custody' establish that it is more probable than not that the object is the one connected with the case. Lack of positive identification, however, goes to the weight of the evidence rather than to its admissibility. State v. Walker, 263 La. 67, 267 So.2d 197 (1972); State v. Foster, 263 La. 43, 267 So.2d 188 (1972); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971)."
In the instant case an assistant coroner testified that be removed the pellet from the body of the victim and positively identified the pellet in question as that which he removed. Such a predicate was *822 more than sufficient to support introduction of the evidence.
These bills are without merit.
Bills of Exceptions Nos. 28, 29 and 30
These bills relate to the introduction of the gun allegedly used in commission of the offense in evidence.
On the day following the arrest the defendant was taken to the detective bureau and shown three weapons, the murder weapon and two similar guns. He was asked if he would pick out the gun used in the crime. He did so.
The defense alleges that the procedure utilized above violated the rights of the defendant in that the Miranda warnings were not reiterated, that he did not understand his rights, and that the previous conduct of the police in obtaining the confession had placed the defendant in fear and amounted to coercion to identify the gun.
For the reasons stated under Bills of Exceptions Nos. 6, 19 and 21 the two latter contentions are without merit.
We do not believe that under the circumstances it was necessary to reiterate the Miranda warnings prior to the procedure in question. While such warnings do not have eternal efficacy, where, as here, a short period of time is involved and the procedure relates generally to the same subject matter as that which prompted the initial warnings, we cannot say that the accused was not aware that the same rights applied to the subsequent procedure. Cf. Maguire v. United States, 396 F.2d 327 (9th Cir. 1968); United States v. Osterburg, 423 F.2d 704 (9th Cir. 1970). See also State v. Dunn, 263 La. 58, 267 So.2d 193 (1972); State v. Williams, 262 La. 160, 262 So.2d 507 (1972).
These bills are without merit.
Bill of Exceptions No. 36
This bill was reserved in response to denial of defendant's motion for a new trial grounded on alleged erroneous admission of the evidence which is the subject matter of Bills Nos. 28, 20 and 30. We have reviewed those bills and found them to be without merit. This bill presents nothing further for our review.
This bill is without merit.
Bill of Exceptions No. 38
This bill pertains to denial of defendant's motion in arrest of judgment grounded on an allegation that the indictment was substantially defective because it was not endorsed by the foreman of the grand jury.
C.Cr.P. 383 provides:
"An indictment is a written accusation of crime made by a grand jury. It must be concurred in by not less than nine of the grand jurors, indorsed `a true bill,' and the indorsement must be signed by the foreman. Indictments shall be returned into the district court in open court; but when an indictment has been returned for an offense which is within the trial jurisdiction of another court in the parish, the indictment may be transferred to that court." (Emphasis added).
In the instant case, although the indictment was signed by one designated as "acting foreman," defendant argues that the failure of the minute entries to affirmatively disclose that an acting foreman was designated in accordance with C.Cr.P. 415(3) renders the signature null.
Regardless of the merits of defendant's contention, his attack upon the indictment did not come timely.
C.Cr.P. 533 provides in pertinent part:
"A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds:
"...
"(5) The indictment was not indorsed `a true bill,' or the endorsement was not signed by the foreman of the grand jury." *823 C.Cr.P. 535 provides in part:
"C. A motion to quash based on any grounds, other than those stated in Paragraphs A and B of this article, may be filed of right within ten days after arraignment or before commencement of the trial, whichever is earlier. Such motion may be filed with permission of the court after expiration of the ten-day period, but prior to commencement of trial.
"D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."
The ground asserted is not found in Paragraph A or B of the article. Thus, it must be asserted within the time limitations provided in Paragraph C or it is waived. By waiting until after verdict to assert the alleged defect the defendant waived his complaint.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
NOTES
[1] Defendant reserved and perfected a total of thirty-eight bills of exceptions at trial. Bills Nos. 3, 8, 9, 10, 12, 13, 32, 33, 34, 35 and 37 are expressly abandoned in brief and are not considered.