306 So.2d 705 (1975)
STATE of Louisiana
v.
Milo HAYES and James Porter.
No. 55216.
Supreme Court of Louisiana.
January 20, 1975.
Tilden H. Greenbaum, III, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*706 SANDERS, Chief Justice.
The State charged Milo Hayes and James Porter with armed robbery, LSA-R.S. 14:64. Upon trial, the jury returned a verdict of guilty as to both defendants. The trial judge sentenced each of them to a term of twenty years imprisonment. They have appealed their convictions and sentences, relying upon four bills of exceptions.
The first three bills of exceptions involve the same legal principles and can be considered together. Bill of Exceptions No. 1 was reserved to the admission in evidence of the photograph of a pistol. The pistol itself had been destroyed prior to trial. Bill of Exceptions No. 2 was reserved to the admission in evidence of the photograph of a sawed-off shotgun. The shotgun had also been destroyed prior to trial. Bill of Exceptions No. 3 was reserved to the admission in evidence of a billfold. The defendants assert that the articles were not sufficiently identified and connected with the crime, leaving the record devoid of evidence of guilt.
The record reflects that while the victim of the robbery, William Carter, was testifying for the prosecution, he stated that around 2:30 in the afternoon of February 16, 1968, Hayes shot him in the side with a.32 calibre revolver. When shown a photograph of a pistol, S-1, Carter testified that it appeared to be the same type of pistol used by Hayes, but that he could not say positively that it was the same one. Later, Carter testified that he was almost sure that a sawed-off shotgun, in a photograph, S-2, was the same gun that Porter used to hit him on the head during the commission of the robbery. Carter then described how Porter reached into his (Carter's) pocket and removed his wallet containing about a hundred dollars, and at this time the witness identified S-3 as his billfold, containing S-4, a social security book, and S-5, a receipt for payment to Carter's lawyer.
For admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the crime. Lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the jury. State v. Prieur, La., 294 So.2d 227 (1974); State v. Franks, La., 284 So.2d 584 (1973); State v. Walker, 263 La. 67, 267 So.2d 197 (1972); State v. Foster, 263 La. 43, 267 So.2d 188 (1972); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Wright, 254 La. 521, 225 So.2d 201 (1969); State v. Whitfield, 253 La. 679, 219 So.2d 493 (1969); State v. Progue, 243 La. 337, 144 So.2d 352 (1962); 2 Wharton's Criminal Evidence (12th ed.), § 673, p. 617.
We find the foundation adequate in the present case as to each of the three items. Hence, the bills of exceptions lack merit.
The defendants reserved Bill of Exceptions No. 4 after the trial judge sustained the State's objection to a defense question directed to Barbara Porter, a defense witness, asking the witness the content of her conversation with the victim several weeks after the crime. The trial judge ruled that the conversation was inadmissible hearsay.
The victim testified as a witness. The defense laid no foundation to impeach his testimony by a prior inconsistent statement. See LSA-15:493; State v. Rogers, 256 La. 447, 236 So.2d 795 (1970).
Hearsay evidence is evidence of an out-of-court statement made by a person other than the testifying witness offered to prove the truth of its content. State v. Jacobs, La., 281 So.2d 713 (1973); State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971). Hearsay evidence is generally inadmissible. LSA-R.S. 15:434; State v. Gonzales, supra.
The defendants assert that the contested testimony was non-hearsay, that is, *707 it was offered, not for the truth of its content, but to prove circumstantially the victim's state of mind. However, the victim's state of mind several weeks after the crime was not an issue in the case. Hence, defendants' argument is not well-founded.
Since the excluded testimony does not fall under any of the exceptions to the hearsay rule, the ruling of the trial judge was correct.
For the reasons assigned, the convictions and sentences are affirmed.