SANDERS, Chief Justice.
The State charged the defendant with simple burglary. LSA-R.S. 14:62. Defendant was tried and found guilty. The trial Judge sentenced him to four years’ imprisonment. He appeals his conviction and sentence, relying on a single bill of exceptions.
On August 2, 1974, a Seven-Eleven Store located in Monroe, Louisiana, was burglarized. Numerous items, including a television set, were taken.
The defendant asserts that the court’s admission in evidence of a television set is reversible error, because the set was not adequately identified. The record reflects that two employees of the Seven-Eleven Store testified that the television set introduced into evidence was the same television set taken. The Seven-Eleven Store had rented the television set from a rental company in Texas called the “U-Rent-Um Company.” The two employees testified that they recognized the television set as the one taken because of certain markings on the television set. The two markings on the set which the two witnesses recognized were “property of U-Rent-Um Company, Austin, Texas” and the number “2528 ”.
The identifying testimony, in our opinion, was adequate. For admission of a physical object, the law requires only that it be shown by a preponderance of the evidence that the object is the one related to the case. The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a fac *888 tual matter for determination by the jury. State v. Prieur, La., 294 So.2d 227 (1974); State v. Franks, La., 284 So.2d 584 (1973); State v. Walker, 263 La. 67, 267 So.2d 197 (1972).
For the reasons assigned, the conviction and sentence are affirmed.