325 So.2d 593 (1976)
STATE of Louisiana
v.
James Lee THOMAS.
No. 56840.
Supreme Court of Louisiana.
January 19, 1976.
*594 William L. McLeod, Jr., McLeod & Dow, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., A. J. Fazzio, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, James Lee Thomas, was charged by bill of information dated February 4, 1975 with the crime of simple burglary in violation of R.S. 14:62. He entered a plea of not guilty and, after a jury trial, was found guilty and subsequently sentenced to four years imprisonment. On appeal, he relies on three assignments of error.
Assignment of Error No. 1
On the first day of the proceedings, the defendant appeared before the jury in "prison garb," i.e., gray coveralls. He contends that this appearance presented him to the jury in an unfair and prejudicial light, effectively depriving him of a fair trial. We cannot agree.
We initially note that no objection was raised at the time of the occurrence, nor did the defendant request a recess in order to change clothes. He appeared in civilian clothes for the remainder of the trial.
An accused may insist that he be brought into court with the appearance, dignity and self-respect of a free and innocent man. However, one asserting the deprivation of such right must establish a deprivation by clear and convincing evidence. State v. Kinchen, 290 So.2d 860 (La.1974); State v. Tennant, 262 La. 941, 265 So.2d 230 (1972).
In the instant case, there is no showing that any juror would identify the gray coveralls as prison garb. On voir dire examination, the defendant's attorney questioned each juror as to whether the defendant's clothing would prejudice their decision. Each responded negatively. Given these facts, and in view of the fact that no objection was made at the time the defendant was brought into court, we cannot say that the defendant was so prejudiced by this occurrence that he did not receive a fair trial.
Assignment of Error No. 1 is without merit.
Assignment of Error No. 2
During argument over an objection to opinion evidence raised by defense counsel, the prosecutor stated, "he can state the value, approximate value of the merchandise that the defendant was stacking up to haul out of there." Defendant contends this constitutes an impermissible comment on the evidence.
Defense counsel did not object to this remark by the prosecutor at the time it was made. This court has consistently held that in order for prejudicial remarks by the prosecutor to be appealable, a timely objection must be raised when the alleged prejudicial statement is made. Since no timely objection was urged, we should not consider this alleged error. State v. Jones, 315 So.2d 650 (La.1975); State v. Watley, 301 So.2d 332 (La.1974); C.Cr.P. 841. Nevertheless, there is no merit in Assignment No. 2; the prosecutor is not prohibited from "commenting on the evidence," and the defendant was not unfairly prejudiced.
Assignment of Error No. 3
The defendant objected to the introduction into evidence of a bank money pouch found on the defendant by the arresting officers. Defendant contends that the State failed to establish the chain of custody.
One of the arresting officers testified that a First National Bank money pouch, containing about two dollars in pennies, was found on the defendant when he was *595 arrested at the scene of the burglary. The pouch was then turned over by the officers to the Identification Bureau until the trial. The pouch found on the defendant was ripped, and the one introduced into evidence was similarly ripped.
A sufficient foundation for the introduction of the pouch was laid. This court has consistently held that, for the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the crime. Lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity is a factual matter for determination by the jury. State v. Kilson, 311 So.2d 887 (La.1975); State v. Sibley, 310 So.2d 100 (La.1975); State v. Hayes, 306 So.2d 705 (La.1975).
We conclude that the evidence herein clearly establishes a chain of custody of the money pouch, and thus it was properly received into evidence.
Assignment of Error No. 3 is without merit.
Accordingly, the conviction and sentence are affirmed.