SUMMERS, Justice.
Warren Mayes and Debra Lucien were charged with public bribery by giving and *213 offering to give $35 to Archie Keyser, a police officer, with intent to influence the officer’s conduct in relation to his position, employment and duty. La.R.S. 14:118. Mayes was tried alone, found guilty of public bribery, charged as an habitual offender under Section 529.1 of Title 15 of the Revised Statutes, and sentenced to serve four years at hard labor and pay a fine of $1,000 and costs.
During the early morning hours of December 16, 1974, the police on the Bourbon Street Promenade beat were engaged in picking up street walkers, prostitutes, and placing them in a patrol wagon. Mayes was standing nearby and watching the operation. When Officer Foster asked him what he wanted, he said one of his girls was in the wagon and he wanted to see if he could get her out. Officer Foster told him he would have to see the sergeant. When Mayes said he wanted to see the sergeant, Officer Mendoza summoned him from the 400 block of Bourbon Street.
Sergeant Keyser arrived shortly thereafter in his car and Mayes was allowed to enter the car to confer with Sergeant Key-ser. Then, in the presence of Officer Mendoza, Mayes asked Sergeant Keyser how much it would cost to get [his girl] Debra Lucien out so that she could work the street as a prostitute. He said he understood the price was fifty dollars a week for a girl, but he was short and he would give Sergeant Keyser thirty-five dollars and “cash him up” later with the balance.
Debra Lucien was then released and Mayes was allowed to depart. Since the police operation was a continuing one, no arrests were made at that time in order not to alert other suspects.
Soon thereafter Sergeant Keyser, Officer Mendoza and Officer Foster met in a hotel room nearby — in use as a base for the operation — and Sergeant Keyser placed the money in a brown envelope. There was a twenty-dollar bill, a ten and five ones. The serial numbers of the bills were recorded on the envelope, together with a reference to the date and place of the transaction, and it was initialed by Sergeant Keyser, Officer Foster and Officer Mendoza. The envelope was then delivered to Captain Dupre. At the hotel room the serial numbers of the bills were also recorded in the evidence book by Officer Mendoza.
Captain Dupre retained the envelope in a safe in his office. It was produced at the trial, identified by Sergeant Keyser and Officers Foster and Mendoza.
Defense counsel objected to the introduction of the envelope and money, arguing that the State had failed to prove the chain of custody. The objection was overruled. Thereupon, the State closed its case and the defense moved for a directed verdict on the ground that the testimony of the police officers was contradictory and for that reason the proof was not beyond a reasonable doubt as the law requires.
The defense claim that the chain of custody was not established is based, as the motion for directed verdict is, upon the inability of Sergeant Keyser, at the hearing on a motion to suppress the money, to recall specific dates, times and the exact amount of money involved in the bribe. Hearing on the motion to suppress was held on April 1, 1975, an interval of four months after the December 16, 1974 bribe. Sergeant Keyser had had no opportunity at that time to refresh his memory from his report of the incident. At the trial, however, he testified in detail to all aspects of the bribe transaction — the time, date, amount of money, etc. Understandably, he was unable to recall the details when other matters of a similar nature occurred on the same night, approximately four months previously, without refreshing his memory from his report.
In our view a proper explanation was furnished for Sergeant Keyser’s inability to recall the details at the motion to suppress, and, therefore, there were in fact *214 no unusual contradictions in the testimony of the officers on any of the elements of the crime or on the issue of chain of custody. A proper foundation for reception of the evidence was therefore established. La.Code Crim.Pro. art. 773; State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972).
Relevancy of the money as evidence in the case is obvious. When the trial judge satisfies himself of the relevancy of the evidence, the question of chain of custody and identification is principally one of the weight of the evidence rather than one of its admissibility. State v. Franks, 284 So.2d 584 (La. 1973).
For the reasons assigned, the conviction and sentence are affirmed.