350 So.2d 595 (1977)
STATE of Louisiana
v.
Archie Lewis CHARLES.
No. 59272.
Supreme Court of Louisiana.
September 19, 1977.
Rehearing Denied October 21, 1977.
*596 Charles W. Seaman, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Archie L. Charles was charged by bill of information with distribution of marijuana in violation of La.R.S. 40:966. After trial by jury, defendant was found guilty as charged and sentenced to serve six years at hard labor. On appeal defendant relies on eight assignments of error for reversal of his conviction and sentence.
ASSIGNMENTS OF ERROR NOS. 1 & 7
Defendant contends the trial judge erred in refusing to select a new petit jury venire from which prospective jurors would be selected for voir dire examination for his case, and in failing to grant his motion for a new trial based on this same purported error. Defendant argues that members of the petit jury venire were present during part of the trial preceding his, a trial which was for the same offense as defendant is charged with in this case. He further claims that the petit jury veniremen observed him sitting in the courtroom during the previous trial and heard some or all of the testimony in the previous case. He contends that this situation made it impossible for the prospective jurors to segregate in their minds the facts and circumstances of the two cases, and that he was thereby denied a fair and impartial trial.
Defendant Charles was tried October 20, 1976. The trial of Milton L. Griffin for committing the same offense with the same undercover agent was held on the preceding two days. October 18th and 19th. Thirtysix persons were questioned on voir dire for defendant Charles' trial. In response to the state's questioning, many of these said that they were present in the courtroom for part of the previous trial; some had actually served on the earlier jury. Although defense *597 counsel did excuse some of those persons, he accepted others, including one juror who had served in the previous trial, and at least three who stated that they had heard portions of the previous trial. Defendant did not file a motion to quash the petit jury venire; he did not challenge any prospective juror for cause on the basis that the juror's knowledge of the Griffin trial would prevent him from being impartial in the Charles trial; and he used only ten of his twelve available peremptory challenges. Instead, he waited until after testimony was being taken and then objected to the use of the jury venire.
The setting aside of a jury venire is properly raised by a motion to quash, not by objection. State v. Corey, 339 So.2d 804 (La.1976); State v. Francis, 285 So.2d 191 (La.1973); C.Cr.P. art 532. In this situation, defense counsel could also have raised the issue by challenging for cause particular jurors who had knowledge of the previous case, C.Cr.P. art 797, and by exhausting his peremptory challenges, C.Cr.P. art 800. Defense counsel did neither of these, but merely waited until after all the jurors had been chosen and testimony had begun[1] before voicing his objection to the entire venire. It is a critical part of our criminal practice that alleged errors be brought to a trial judge's attention for correction with dispatch. Counsel cannot knowingly participate in the choosing of a flawed jury and thereafter attempt to raise the issue by objection. Therefore, defendant's complaints that the trial judge erred in overruling his objection and in failing to grant his motion for new trial based on the same ground lack merit.
ASSIGNMENTS OF ERROR NOS. 2 & 6
Defendant contends the trial judge erred in denying his motions for a mistrial and a new trial, motions which were based on the perjured testimony of a state witness, Trooper Elvin Lacey, Jr.
At defendant's preliminary investigation, Trooper Lacey testified that he was alone when he made the undercover drug purchase from defendant. At trial he admitted that an individual named Terry Murray had been with him. Trooper Lacey acknowledged that he had lied under oath at the preliminary examination but sought to justify his action by explaining that Terry Murray had been working as a police informant on other cases and was expected to resume this activity after a brief jail sentence. The trooper claimed to have excluded Murray from his initial testimony in an effort to protect Murray's identity and future usefulness as an informant. Defendant argues that he prepared his defense in reliance on the facts as testified to at the preliminary hearing and is prejudiced by any alteration of the facts at trial.
The commission of perjury by a police officer at a preliminary hearing is a serious matter, made criminal by our law. R.S. 14:123. This officer's conduct, although reprehensible, is not the issue before us. We now review whether the admission at trial by the officer that he made a false statement at the preliminary hearing constituted grounds for a mistrial.
Article 775 of the Code of Criminal Procedure provides in pertinent part that:
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial."
Here, the question is whether the officer's misconduct inside the courtroom made it impossible for defendant Charles to obtain a fair trial. We hold that it did not.
Defendant Charles was successful in totally impeaching the credibility of Trooper Lacey by demonstrating his prior inconsistent statement concerning Murray. The fact of the officer's misconduct at the preliminary hearing was fully revealed to the jury at trial. Furthermore, informant Murray *598 was present at trial and was subject to extensive cross-examination. Defendant made no request for a recess to assess the impact of Murray's testimony, to investigate the informant's background, or to alter his defense in any way.
Therefore, although we in no way condone the officer's perjury, we find that his previous false statement did not here warrant the granting of a mistrial or the granting of a new trial. The assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in granting the state a recess[2] once defendant's trial had begun.
The record reflects that the trial judge adjourned court from approximately three o'clock in the afternoon until the following morning due to the fact that an essential state witness had been subpoenaed to testify in another court and was therefore unavailable to testify for the state that afternoon. Defendant argues that the state should have known in advance that its witness would be unavailable and should not have gone to trial until such time as he could be present.
A recess is a temporary adjournment of a trial or a hearing that occurs after a trial or hearing has commenced. C.Cr.P. art. 708. The grant or denial of a recess is largely within the discretion of the trial court. State v. Sharp, 321 So.2d 331 (La.1975); State v. Richmond, 284 So.2d 317 (La.1973).
In the instant case defendant has made no showing, beyond his bare assertion, that he was in any way prejudiced by the relatively brief recess granted the state. We hold that the trial judge did not abuse his discretion in recessing trial due to the temporary unavailability of a state witness.
ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in admitting into evidence an envelope containing a matchbox filled with marijuana. He argues that the evidence was not sufficiently identified and connected with the case inasmuch as the evidence envelope bore the name Archie Lewis whereas defendant's name is Archie Lewis Charles.
In State v. Dotson, 260 La. 471, 511, 256 So.2d 594, 608-09 (1971) this Court set forth the rules pertaining to the introduction of demonstrative evidence as follows:
"To admit demonstrative evidence at a trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it is offered in evidence.
"The law does not require that the evidence as to custody eliminate all possibility that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case. A preponderance of the evidence is sufficient.
"The lack of positive identification goes to the weight of the evidence, rather than to its admissibility. Ultimately, connexity of physical evidence is a factual matter for determination by the jury." [citations omitted]
At trial Trooper Elvin Lacey testified that he met the defendant Archie Lewis Charles at a baseball game. He said that during the game he left with the defendant and accompanied him to his home where he purchased a matchbox containing marijuana. Lacey stated that he wrote the name "Archie Lewis" on the matchbox as well as on the envelope in which he placed the evidence. He then turned the evidence over to the police crime lab for analysis.
*599 The record leaves no doubt that the name Archie Lewis marked on the evidence envelope by Lacey was intended to designate the defendant Archie Lewis Charles. It is amply demonstrated in the record that it was more probable than not that the evidence was connected with the case. Accordingly the trial judge did not err in admitting the physical evidence at trial.
ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in denying his motion for a directed verdict.
This matter was tried on October 20-21, 1976. Article 778 of the Code of Criminal Procedure was amended by Act No. 527, § 1 of 1975, effective September 12, 1975 to eliminate the authority of the trial judge to direct a verdict of not guilty in a jury trial. This amendment being procedural in nature, it is applicable to this trial which was held after the amendment's effective date. State v. Clark, 340 So.2d 208 (La.1976); State v. Marmillion, 339 So.2d 788 (La.1976). Hence the trial judge had no authority to grant defendant's motion for a directed verdict.
Assignment of error number five lacks merit.
ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying his motion for a new trial on the ground that the ends of justice would be served thereby because a picture of defendant in connection with the charge had appeared in a local newspaper ten months prior to trial. He argues that because of this publicity defendant did not receive a fair trial.
Article 851(4) of the Code of Criminal Procedure allows the granting of a new trial when:
"The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment."
Defense counsel argues that the fact that both he and defendant were living outside Sabine Parish at the time the picture was published in the Sabine Index justified his failure to raise the issue prior to trial.
Prejudice against an accused because of newspaper coverage is normally a ground for change of venue, but not for new trial. State v. Carricut, 157 La. 140, 102 So. 98 (1924). It is only when the defendant shows that the evidence could not have been discovered by the use of reasonable diligence before the verdict that the Code of Criminal Procedure authorizes the granting of a motion for new trial. Defense counsel's allegation that both he and the defendant lived out of the parish at the time of the publication of defendant's picture in the local newspaper does not constitute such a showing. Consequently, defendant's motion was properly rejected.
For these reasons, the conviction and sentence of defendant Charles are affirmed.
NOTES
[1] Although the objection was made during the state's evidence, defense counsel requested and received permission from the judge to have the objection noted as being made before any testimony was taken.
[2] Defendant incorrectly refers to the recess as a continuance. Article 708 of the Code of Criminal Procedure makes it clear that a temporary adjournment that occurs after a trial or hearing has commenced is a recess.