236 So.2d 795

**STATE of Louisiana**

v.

**Percy ROGERS.**

**No. 50192.**

May 4, 1970.

Rehearing Denied July 30, 1970.

————◆————

Ford E. Stinson, Benton, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for appellee.

SANDERS, Justice.

The Caddo Parish Grand Jury indicted Percy Rogers for manslaughter, based upon defendant's shooting his two-year-old nephew, A. J. Williams. Upon trial, the jury returned a verdict of guilty as charged, and the trial judge sentenced him to a term of fifteen years in the Louisiana State Penitentiary. The defendant has appealed, relying upon four Bills of Exceptions reserved at the trial.

On August 19, 1968, the defendant became angry at Arthur Wilson, after he had been informed that Wilson had thrown a bottle at his daughter. He armed himself with a .22 calibre revolver and approached Wilson on the street. When Wilson ran, he fired two shots at him. One of the shots struck defendant's young nephew, playing in the front yard of his home. The nephew later died as a result of the gunshot.

## BILL OF EXCEPTION NO. 1:

### Statements made by defendant [1]

Bill of Exceptions No. 1 was reserved to the overruling of defendant's objection to the admission of defendant's inculpatory statements in evidence. In this Court, defendant contends the officers failed to warn defendant of his rights in compliance with the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The record reflects that at the time of the shooting someone called the Shreveport Police Department. Shortly thereafter, patrol officers arrived at the scene and began interviewing the persons present to find out what had happened.

Defendant Rogers volunteered the statement that he had been involved in a shooting. The patrol officers asked about the gun, and Rogers voluntarily produced it from his residence.

After completing the on-the-scene investigation, the patrol officers asked the defendant and all the witnesses to go to the police station to talk with the detectives. The defendant took his own automobile and, accompanied by his wife and daughters, drove to the police station.

After an initial interview, defendant was arrested for the shooting of the small

---

1. A discrepancy appears in the numbering of the Bills of Exception. We adopt the numbering set forth in defendant's brief.

child. Two days later he gave a complete statement of the occurrence. The statement was recorded, but was never signed by the defendant. After a foundation had been laid, the recording and defendant's on-the-scene statement were admitted in evidence.

Our review of the record discloses that the State discharged its burden of proving that the recorded statement was freely and voluntarily given.

■ The testimony also establishes that the detective on duty fully advised defendant of his rights shortly after his arrival at the police station. He was again advised of his rights before giving the recorded statement. In each instance, the advice included the fourfold warning set forth in Miranda v. Arizona: the right to remain silent, that any statement given would be used against him, the right to counsel during interrogation, and the right to appointed counsel.

Defendant's objection to the recorded statement at the trial fails to specify the ground on which the objection is founded. We find nothing, however, that would render the recording inadmissible. Hence, as to it, the ruling of the trial judge was correct.

■ It is true that the officers gave the defendant no warnings before he volunteered the statement during the on-the-scene investigation. At that point, however, defendant was not in custody. Miranda v. Arizona applies only to in-custody interrogation. State v. Vernon, 251 La. 1099, 208 So.2d 690. The United States Supreme Court made this quite clear when it stated.

"General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding. It is an act of responsible citizenship for individuals to give whatever information they may have to aid in law enforcement. In such situations the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present."

The Bill of Exception lacks merit.

BILL OF EXCEPTION NO. 2:

*Replay of recorded testimony to jury*

■ Sergeant Leo Hack testified before the jury in laying the foundation to introduce defendant's recorded statement. Contending that Hack's prior testimony before the judge was inconsistent with his jury testimony, defendant requested that the court order that his prior recorded testimony be played back to the jury. The trial judge denied the request, and defendant reserved a Bill of Exceptions.

The obvious purpose of this request was impeachment of the witness by prior in-

consistent statements. The proper procedure for such impeachment is set forth in LSA–R.S. 15:493:

"Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony, he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible."

Since defendant laid no foundation for proving the inconsistent statement under the above article, the ruling is correct.

## BILL OF EXCEPTION NO. 3:

*Argument of objection before the jury*

Defendant reserved Bill of Exception No. 3, when he reurged the request to replay Sergeant Hack's testimony and attempted to reargue it in the presence of the jury.

The trial judge announced:

"We have already ruled on it. I don't see the necessity of making the objection again and having to rule on it again."

The ruling of the trial judge is correct.

## BILL OF EXCEPTION NO. 4:

*The charge to the jury*

At the conclusion of the trial judge's charge to the jury, it was noted that the judge had failed to advise the jury relative to the number of jurors required to concur in a verdict. The trial judge then undertook to supply this omission. He stated, "Your verdict may not be unanimous. It takes nine out of the twelve of you to convict."

Immediately thereafter he added, "To render any verdict."

The defendant contends that the jury was influenced to return a guilty verdict by the "suggestive instruction" that referred at first only to a conviction. It is true the first statement was inaccurate, since it referred only to conviction. The trial judge, however, immediately corrected it. The defendant requested no further clarification. In our opinion, the inaccuracy resulted in no prejudice to the substantial rights of the defendant. We conclude no reversible error resulted. See LSA–C.Cr. P. Art. 921.

For the reasons assigned, the conviction and sentence are affirmed.