TUCKER, Judge.
This is a suit in which the plaintiffs, Ervin Ryland and Robert R. Redd, seek to recover damages for personal injuries and special damages against numerous individuals and entities, named as defendants in their original and amended petitions, including the defendants particularly involved here, Nichols Construction Company, Fireman’s Fund Insurance Company, Enjay Chemical Company and Insurance Company of North America, as the result of an explosion which occurred about 4:00 A.M. on March 23, 1970 at a plant owned by the defendant Enjay in the City of Baton Rouge, La. The plaintiffs, at the time of the accident, were employed by the defendant, Nichols Construction Company, and were performing welding work on an electric motor at the Enjay Plastic Plant (Articles 11 and 24 of plaintiffs’ original petition). Nichols, Fireman’s Fund, Enjay and INA filed motions for summary judgments to dismiss these companies as parties defendant for the reasons that the plaintiffs did not have a suit in tort, and such claim or claims, if any, which the plaintiffs might assert against these corporate defendants, was or were restricted to the relief provided under the workmen’s compensation law. In essence plaintiffs contend that they are not restricted to compensation benefits, but are entitled to an action against defendants in tort. The argument is based on the contention that plaintiffs were engaged in maintenance work which was not a part of Enjay’s regular trade, business or occupation. It is further argued in substance that Enjay’s principal trade, occupation or business is the production of chemicals, and that Enjay does not conduct maintenance of its facilities as a part of its regular business. Additionally, appellants point to the contract with Nichols as evidence of the fact that Enjay does not perform its own maintenance as a regular part of its business.
Coupled with the motion for a summary judgment filed on behalf of Nichols and Fireman’s Fund is a pleading designated as “Request For Admissions of Fact” wherein the plaintiffs are requested (1) to admit that they have not complied with LSA-R.S. 23:1040 in order to terminate the applicability of the Louisiana Workmen’s Compensation law with respect to their employment by Nichols, and (2) to admit that they have accepted workmen’s compensation payments from the insurer of Nichols.
The plaintiffs did not present any countervailing affidavits, or offer any other evidence to contravene the content and substance of these defendants’ motions and attachments.
On February 2 and February 4, 1971 the trial judge granted the motions, and signed summary judgments dismissing Nichols, Fireman’s Fund, Enjay and INA as parties defendant, but limited the dismissals of the two insurance companies only in their respective capacities as insurers of Nichols and Enjay.
From these judgments the plaintiffs have perfected this appeal.
The record conclusively shows that the plaintiffs were engaged in a hazardous occupation for Nichols, and that they were injured in the said accident while in the course and scope of an employment which was subject to the workmen’s compensation law.
In their motions for a summary judgment Nichols and Fireman’s Fund call attention to plaintiffs’ remedy being limited *223 and restricted to the provisions of the compensation law, and in further support of this position these defendants rely upon the failure of the plaintiffs to respond to the requests for admissions of facts attached to the motion. The plaintiffs do not deny that they did not comply with the provisions of LSA-R.S. 23:1040, and serve written notice on Nichols thirty days prior to the accident that the plaintiffs did not desire that the compensation law should continue to apply to their employment, and they do not assert that they have not received workmen’s compensation payments from these defendants, resulting from the injuries the plaintiffs received in the said accident. Plaintiffs argue that there are certain rights accruing to them above and beyond the benefits provided under the compensation law by virtue of the contract in the record between Enjay and Nichols whereby the parties to the contract agreed that Nichols would assume liability “for all claims for injuries.” Counsel reasons that the language of the said contract waives the compensation law and has the effect of removing the exclusiveness of the remedy afforded to them under compensation; counsel urges that the plaintiffs, by some strained interpretation, are the third party beneficiaries of a contract to which the plaintiffs were not parties. The court finds that this position is untenable for the simple reasons that there was no exclusion of the applicability of the compensation law at the outset of the employment; and the thirty days’ notice in order to terminate workmen’s compensation as the sole remedy for the injuries and disabilities received by the plaintiffs on the job was never given. It is clear that the causes of action, if any, against Nichols are limited to the compensation law.
The same result is obtained with respect to Fireman’s Fund, the insurer of Nichols. Counsel contends it is not established that Fireman’s Fund was the workmen’s compensation insurer of Nichols, and, therefore, is not protected under the exclusive remedy provisions of LSA-R.S. 23 :- 1032. The plaintiffs misconstrue in brief the meaning of LSA-R.S. 23:1166 which is authority solely for the propositions that an insurer, once having issued a workmen’s compensation policy to an employer, cannot avoid payment of compensation by arguing that the injured employee was not engaged in hazardous work, and neither may an injured employee claim any other benefits from such an insurer than those provided by the compensation law. Counsel urges the erroneous position that, in the absence of a showing by Fireman’s Fund that it wrote a workmen’s compensation policy for Nichols, it cannot at this stage rely upon its liability being exclusively limited to the benefits provided in the compensation law. Such a policy of insurance merely provides protection for the insured, and there is no independent liability of the insurer for damages where the insured is not so liable. Since Nichols does not owe any damages to the plaintiffs, they are restricted to the remedy provided by the workmen’s compensation law in their claim against Fireman’s Fund whether or not this insurance company issued a workmen’s compensation policy to Nichols. This, of course, has no bearing on the coverage which may be imposed upon Fireman’s Fund by any other policy or policies of insurance which this company may have issued to any other defendants than those named here. The judgment of the trial court has dismissed Fireman’s Fund properly and restrictedly as a defendant in these proceedings.
Plaintiffs take exception to the dismissal of Enjay, and its insurer, INA, as parties defendants by the trial court judgment. They look askance at the affidavit of Albert T. Furr, Jr., and opine that this affidavit merely expresses the opinion of Furr that at the time of the accident Nichols and the plaintiffs were performing work which was a part of the regular trade, business or occupation of Enjay; does not recite in sufficient detail facts which would justify a determination that the plaintiffs and their employer were performing the same kind of work when the accident oc *224 curred as was the case with Enjay. Plaintiffs cite the case of Cole v. Chevron Chemical Company, Orinite Division, 427 F.2d 390 (5th Cir. 1970) in support of this position, but this case is distinguishable from the one at bar for the reason that there the affidavit of defendant’s manager of operations was contradicted by an affidavit of the plaintiff, which affirmatively stated that the defendant was unable to do such work as plaintiff was performing when he was hurt. The court in Cole, supra, reasonably concluded that there was a genuine issue of fact between the parties on this score and the court would not act summarily in the case.
We have examined the Furr affidavit carefully, and are constrained to hold that the wording and content of Furr’s affidavit clearly states with particularity and sufficient detail to depict facts showing that the work being performed by the plaintiffs at the time of the accident was the same type which was being done by Enjay and its employees on a daily basis. Under the terms of C.C.P. Art. 967 when a motion for a summary judgment is supported and coupled with such an affidavit, an adverse party cannot rely upon the allegations or denials of his petition, but he must file affidavits or other evidence to show that there is a genuine issue for trial. The plaintiffs have not filed such countervailing affidavits or acceptable evidence, and Furr’s affidavit goes unchallenged. The lower court was correct in ruling that Enjay under the prevailing situation was engaged in the same trade, business or occupation as was Nichols and its employees when the accident happened. See Allen v. United States Fire Insurance Company, 222 So.2d 887 (La.App. 2d Cir. 1969).
The statement in the case of Schmolke v. Krauss Company, 217 So.2d 789 (La.App. 4th Cir. 1969) with reference to that court’s recitation “that because of Krauss’ insurance affording her workmen’s compensation benefits, plaintiff’s exclusive remedy against Krauss is for workmen’s compensation” does not, in our opinion, suggest that an owner, who is liable for workmen’s compensation under the provisions of LSA-R.S. 23:1061, and does not have an applicable policy of workmen’s compensation insurance, is thereby precluded from claiming that a contractor employee’s exclusive remedy for injury and disability against the owner is under the compensation law. It is clearly obvious that the existence or non-existence of a workmen’s compensation policy of insurance has no bearing on the question of whether or not the plaintiffs’ causes of action here are limited to and circumscribed by the relief provided under the compensation law with respect to the defendant-mover, Enjay Chemical Company, and where there is no liability for damages running in favor of the plaintiffs against Enjay, there can be no such liability agianst its insured, Insurance Company of North America under its policy issued for the protection of its insured Enjay.
The trial court properly granted the motions for summary judgments dismissing the defendants, Nichols Construction Company, Fireman’s Fund Insurance Company, Enjay Chemical Company and Insurance Company of North America with the dismissal of the srid insurance companies being restricted as recited in said judgments. The exclusive remedy of the plaintiffs for their claims, if any, against Nichols and Enjay, is confined to the benefits provided under the workmen’s compensation law. The same rule applies with reference to the two insurance companies insofar as any insurance coverages which said companies have extended to Nichols and Enjay.
The judgments of the trial court are affirmed at appellants’ costs.
Affirmed.