ELLIS, Judge:
This is an appeal by plaintiff Aron Arnold O’Keefe from a judgment sustaining a motion for summary judgment filed by defendant Enjay Chemical Company, dismissing this suit as to it.
Plaintiff was injured while in the employ of P & W Industries, Inc., which had contracted with Enjay to do certain demolition work at its plant in Baton Rouge. This suit was brought in tort against certain officers of P & W and Enjay. Enjay filed a motion for summary judgment alleging itself to be the statutory employer of plaintiff, and therefore liable to him only under the workmen’s compensation law. The motion was sustained and plaintiff’s suit dismissed, and this appeal followed.
R.S. 23:1061 provides, in part, as follows :
“Where any person . . . undertakes to execute any work, which is a part of his trade, business, or occupation . and contracts with any person . for the execution ... of the whole or any part of the work . the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him . . . ”
In support of its motion for summary judgment, Enjay filed an affidavit that it “operates, maintains, dismantles, modifies, and expands the chemical plant with its own employees. Enjay also on occasion employs the services of independent contractors for dismantling of parts of these chemical plant facilities.” The affidavit *921 goes on to state that as of the date of the accident, there were 450 of its employees engaged in maintaining, dismantling, modification and expansion work at the chemical plant, who were already engaged in doing work similar to that covered by its contract with P & W. It further alleged that the contract with P & W was necessitated by the fact that Enjay’s own labor force was engaged in other work at the time, and that Enjay consistently did such work as part of its trade, business or occupation.
The only affidavit filed in opposition to the motion was plaintiff’s affidavit that there were other independent contractors who bid on demolition jobs at the Enjay plant; and that he did not see any other demolition work being carried on while he was employed at the plant. Neither of these statements contravenes the assertion &y Enjay that dismantling jobs similar to that covered by its contract with P & W is routinely done by its own employees. It is, of course, this fact which Enjay claims brings it squarely within the purview of R.S. 23:1061.
As we said in Ryland v. Insurance Company of North America, 255 So.2d 221 (La.App. 1 Cir. 1971) :
“Under the terms of C.C.P. Art. 967 when a motion for a summary judgment is supported and coupled with such an affidavit, an adverse party cannot rely upon the allegations or denials of his petition, but he must file affidavits or other evidence to show that there is a genuine issue for trial. The plaintiffs have not filed such countervailing affidavits or acceptable evidence, ...”
We find that the record clearly reflects that Enjay was regularly engaged, as part of its trade, business or occupation, in doing the same kind of work as was P & W when the accident happened. Under the terms of R.S. 23:1061, Enjay would be liable to plaintiff for workmen’s compensation, and conversely, plaintiff’s sole remedy as to Enjay is in workmen’s compensation.
The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.