WATSON, Judge ad hoc.
This is an executive officer negligence case tried to a jury, which awarded substantial damages to plaintiff. The plaintiff is Aron Arnold O’Keefe, who was injured on September 18, 1969, while employed as a crane operator by P. & W. Industries, Inc. on a job involving the demolition of a structure owned by one of the defendants, identified as Enjay, Inc. or Enjay Chemical Company. This defendant was dismissed from the suit by a judgment sustained a motion for summary judgment in the trial court and affirmed in this court. See 267 So.2d 920 (La.App. 1 Cir. 1972). The other defendants are Harry A. Warner and Albert A. Perreand, who are the principals of P. & W. Industries, Inc., and their liability insurer, Hartford Insurance Company.
A motion to amend the petition has been filed in this court to “raise all issues as may be necessary” to conform the pleadings to the evidence. We find an amendment to be unnecessary under the terms of LSA-C.C.P. 1154,[1] since all of the relevant and material evidence in the record was received without objection.
It is undisputed that plaintiff was seriously injured and that his injuries occurred when a crane he was operating tipped over. Plaintiff contends that the crane he was operating on the day of the accident turned over because of a defective condition, to-wit: a stripped or partially stripped gear. He contends that from time to time it was impossible to keep the boom from swinging to the side. He also contends that the unsafe condition had- been reported to Perreand, who daily checked the job and who was responsible for the equipment, but that Perreand failed to take any corrective action. Following the accident, the crane was dismantled in part; and the swing gear was found to be stripped. It was replaced, and the crane operated properly thereafter.
Following trial by jury, a verdict was returned finding negligence on the part of Albert A. Perreand and Harry A. Warner, finding no contributory negligence on the part of Aron Arnold O’Keefe, and awarding damages in the amount of $150,000.00 to O’Keefe.
In proceedings on a motion for new trial, or in the alternative for remittitur, a *913 new trial was granted as to the defendant, Harry A. Warner, but denied as to Per-reand and Hartford.
From the adverse judgment in the trial court, Perreand and Hartford have appealed.
Plaintiff’s petition also included a claim against “The ABC Insurance Companies,” alleged to be casualty and public liability insurers under policies which would render them liable to plaintiff; but no additional information is contained in the record concerning these insurers; and no mention was made of them in the judgment rendered and signed.
The appellants have assigned several specifications of error, and we will consider them in the order briefed by their counsel.
NEGLIGENCE OF THE DEFENDANT, PERREAND
It is contended that plaintiff did not carry his burden of proof in showing negligence on the part of the defendant, Per-reand. We have reviewed the record carefully, considering all of the evidence presented to the trier of fact in this case: a jury which reached a unanimous verdict, holding that Perreand was negligent. Without detailing all of the evidence on this point, we note that there is substantial evidence that Perreand knew of a defect in the crane and failed to correct it. Plaintiff’s claim is that while he was operating the cherry-picker type crane to assist in the demolition of a structure at the Enjay plant, the boom of the crane began to swing to the side, that he was unable to stop it and that the crane turned over.
The evidence establishes that the crane, as it was rigged and used, was within its load limit as long as the boom remained in a position extending from the rear of the machine; but when the boom swung to one side or the other, it came to a certain point where the rig was incapable of balancing the load. In other words, the crane could hold a heavier load when the boom was positioned toward the back of the machine rather than swung to the side.
O’Keefe, the plaintiff, testified that he had discovered there was something wrong with the crane and that he had reported the difficulty to both his foreman, one Spell, and to the defendant, Perreand. The defect reported was that it was impossible to prevent the boom from swinging to the side at times. Other evidence bearing on this point was that another witness, the son of foreman Spell, had become so angry at the way the boom operated, he quit one afternoon shortly before the accident, although he returned to work the following morning. The defendant, Perreand, admitted that O’Keefe may have told him about the defect, but that he really did not remember. The foreman, Spell, confirmed that O’Keefe had talked to Perreand; but he said he did not remember whether he was actually present when the conversation took place. (TR. 297).
There is no question that following the accident which injured plaintiff, the crane was dismantled, a swing or pinion gear was found to be stripped and this was replaced, following which the crane worked in the proper manner.
Perreand testified that he did not recall any specific conversation, but that it “. . . could very well be that he mentioned something about the machine drifting .. . ” (TR. 351). He did nothing to correct the defect in the crane.
From our review of the evidence, we believe that the jury could reasonably conclude that Perreand was negligent.
The circumstances here presented render Perreand liable to O’Keefe in that there was a duty on the part of the employer to provide O’Keefe with a safe place to work; this duty had been delegated to Perreand, who made at least daily visits to the job site and had as one of his functions the checking of equipment. Per-reand was informed of the malfunctioning of the boom, and he failed to do anything *914 about it. Adams v. Fidelity & Casualty Company of New York, 107 So.2d 496 (La.App. 1 Cir. 1958); Johnson v. Schneider, 271 So.2d 579 (La.App. 1 Cir. 1972); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
CONTRIBUTORY NEGLIGENCE OR ASSUMPTION OF RISK
We conclude, as apparently did the jury, that the appellants failed to prove contributory negligence or assumption of the risk on the part of O’Keefe. The duties of his work required him to be where he was, and he was doing his best to discharge those duties.
We agree with the observation by Judge Redmann of the 4th Circuit in a somewhat similar situation:
“ . . .a workman’s superior cannot create or permit danger and send the workman into it with a warning and escape liability on a theory that the workman was contributorily negligent merely by going into the danger. The workman’s only other alternatives are to try to tell his superior how to run the job, or to quit.” Chaney v. Brupbacher, 242 So.2d 627, at 631 (La.App. 4 Cir. 1970).
QUANTUM
The next error specified is that the amount of damages is excessive.
The record reveals that O’Keefe was thirty-nine years old at the time of the accident, and was a skilled heavy equipment crane operator, who also had operated bulldozers and other types of heavy equipment. In the accident, according to the medical testimony, he suffered a fractured vertebra; two fractures of the right femur, which required nail and plate fixation, later removed; fractures of the four metatarsals of the left foot; and a skull fracture. Also, he suffered various bruises and lacerations in the accident. He suffered a period of shock when he was irrational from his head injuries.
To set the leg fractures, it was necessary to insert a pin through the shinbone in order to exert traction on the leg. After O’Keefe’s initial condition improved, his orthopedic surgeon operated on his leg and fixed the hip part of the fracture with a nail and plate and four screws. The mid-thigh fracture was fixed with two large compression plates and about eight screws. He was released from the hospital after approximately twenty-one days and was ambulatory on crutches. In October, 1970, he returned to the hospital for a two day period for the removal of the plates in his leg. O’Keefe’s back injury necessitated the wearing of a back brace for a period of time following his discharge from the hospital. At approximately the time that the plates were removed from his leg, he developed difficulty with his kneecap which was diagnosed as chondromalacia of the patella, or degeneration of the small gristle lining the kneecap. This caused pain, a grating sensation and also a noise on the bending of the knee. At the time of trial he still had this difficulty; and it may be necessary, in the opinion of the physicians, to remove the kneecap at some future time.
One physician assigned a 20 per cent partial permanent disability to the body as a whole from O’Keefe’s injury. Another physician, the orthopedic surgeon who treated him, estimated at 20 to 30 per cent partial permanent disability of the body as a whole. The evidence L indicates that O’Keefe had attempted to return to some of his previous duties but was unable to do so. In the opinion of the physicians, he is unable to do any heavy work such as that performed prior to the accident. At the time of the trial he had lost the difference between his regular wages and compensation benefits.
Plaintiff has suffered a severe diminution in his earning ability for the future.
The jury awarded the sum of $150,000.00 as damages in this case. We cannot say that there was a clear abuse of *915 discretion in making this award. LSA-C. C. art. 1934; Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963); Ballard v. National Indemnity-Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964), and Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967).
WORKMEN’S COMPENSATION AND SUMMARY JUDGMENT
Other errors alleged by appellants are: (1) that the trial court erred in failing to hold that plaintiff’s exclusive remedy should be in workmen’s compensation; and (2) that the trial court should have sustained the exceptions and the motion for summary judgment filed on behalf of these defendants.
For authority in making these contentions, appellants cite Maxey v. Aetna Casualty & Surety Company, 255 So.2d 120 (La.App. 3 Cir. 1971). The rationale of Maxey has been repudiated by the Louisiana Supreme Court in Canter v. Koehring Company, supra:
“We disapprove the conflicting Maxey line of decisions, insofar as they appear to hold that the duties imposed under an employment or agency relationship are exclusively owed to the employer or principal and are irrelevant in determining whether a legal duty is owed to a third person by the officer, agent, or employee.”, 283 So.2d at 722.
INSTRUCTIONS
The next error suggested by appellants concerns the instructions given to the jury by the trial judge; it is contended that they were inconsistent. We have reviewed the instructions given; and we find that the instructions given included a correct statement of the law and that the jury reached a conclusion, presumably applying the law upon which they were instructed to the facts which they heard, which is not manifestly erroneous. Canter v. Koehring Company, supra.
JUDGMENT IN SOLIDO
Appellants urge next that the trial court erred in signing a judgment in solido against defendants when the verdict of the jury was not against defendants in solido and where the defendant, Hartford Insurance Company, had policy limits of only $100,000.00.
The record supports the contention as to policy limits; and we are of the opinion that the judgment must be amended to reflect a judgment in solido against Perreand and Hartford, only to the extent of Hartford’s policy limits; and the judgment must be against Perreand alone for the other $50,000.00.
OTHER INSURANCE
The final assignment of error with which we will deal is the contention that the judgment should have included “The ABC Insurance Companies” in the event there is an excess carrier.
Counsel represents in his brief that there was an excess carrier for the defendants. It is true that the petition names “The ABC Insurance Companies” as an additional party defendant, but we find nothing in the record to identify this defendant or to show its insurance coverage. Therefore, there is no justification for including the additional insurer in the judgment.
The judgment of the trial court will be affirmed, but it will be amended to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Aron Arnold O’Keefe, and against the defendants, Hartford Insurance Company and Albert A. Perreand, jointly, severally and in solido in the amount of $100,000.00.
It is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Aron Arnold O’Keefe, and against the defendant, Albert A. Perreand, in the amount of $50,000.00
*916 It is further ordered, adjudged and decreed that there be judgment in favor of plaintiff, Aron Arnold O’Keefe, and against the defendants, Hartford Insurance Company and Albert A. Perreand, jointly, severally and in solido, and for legal interest at the rate of 7 per cent per annum from the 17th day of September, 1970, on the sum of $150,000.00, until such time as Hartford Insurance Company has paid or tendered or deposited in court that part of the judgment for which it is cast[2], and that Albert A. Perreand is cast for any interest which accrues thereafter.
Costs of these proceedings are taxed against the defendants-appellants.
Amended, and as amended, affirmed.

. Art. 1154- Amendment to conform to evidence
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform, to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

. Under the terms of its policy, Hartford Insurance Company (apparently the correct company is Hartford Accident & Indemnity Company, although no issue has been made concerning this point) is obligated to pay only the amount of $100,000.00, which is its limit of liability to one person is one accident. However, the insurer is also obligated under the terms of its policy to pay all costs and “ . all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company’s liability.” (See Exhibit D-2).