SANDERS, Chief Justice.
The Grand Jury indicted Willie Hamilton for aggravated battery. See LSA-R.S. 14:34. After trial, the jury returned a verdict of guilty. The trial judge sentenced him to a term of one and a half years in the custody of the Louisiana Department of Corrections.
Defendant appeals, relying upon a single bill of exceptions for the reversal of his conviction.
The prosecution arose from an incident in which the defendant shot Rufus Cocker-ham, a neighbor, during an argument. At the trial, the State called Albert Weems, a municipal policeman; Bobby Joe Caviness, a deputy sheriff; and Drusilla Jones, a neighbor, who witnessed the shooting. After Drusilla Jones had completed her testimony, the State recalled Deputy Sheriff Caviness for identification of the weapon.
On cross examination, defense counsel asked the Deputy Sheriff whether he had a tape recording of a statement that he had taken from Drusilla Jones in preparation for the trial. He replied that he did.
Defense Counsel then made the following motion:
“Your Honor, at this time I move that those tapes should be brought to Court and played for the jury to see if there is any variation between what was told and what she testified to.”
The Court denied the motion, and defense counsel reserved a bill of exceptions.
In this Court, defendant contends that the statement was taken in preparation for the trial and that the defendant should be allowed to review it to determine if it was the same or at variance with the testimony of Drusilla Jones.
The State, on the other hand, contends that the recorded statement was an investigatory interview and inadmissible in evidence.
The defendant cites no authority in support of his position, and we have found none.
*268 The defense motion required that the recorded statement be presented to the jury. • If impeachment was intended, the prescribed procedure was not followed. The witness, Drusilla Jones, had already completed her testimony and left the witness stand. Moreover, no foundation had been laid for her impeachment by a prior inconsistent statement. See LSA-R.S. 15:493; State v. Prieur, La., 277 So.2d 134 (1973); State v. Rogers, 256 La. 447, 236 So.2d 795 (1970).
The recording was no more than an unsworn out-of-court statement of a witness who had already testified. Hence, it was inadmissible in evidence, and the trial judge properly overruled the defense motion.
For the reasons assigned, the conviction and sentence are affirmed.