McBRIDE, Judge,
dissenting.
Although liability was not found in these cases, Hill v. Lundin and Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La. 1976); and Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La. 1979), the Supreme Court has defined the requisites for recovery which are present in this case, and I must dissent.
*690 The inquiry here focuses on the duty and standard of care owed by this defendant to this plaintiff considering the facts and circumstances of this case.
What duty did defendant have to plaintiff? Defendant had the duty of exercising reasonable care for the safety of persons on its premises and the duty of not exposing such persons to unreasonable risks of injury or harm. Shelton v. Aetna and Walker v. Union, supra.
Defendant’s business required the wash slab; and the plaintiff and all other truck drivers were required to wash down before entering the highway as not to be in violation of R.S. 32:289-B. Therefore the question as to whether defendant managed its property as a reasonable man in view of the probability of injury to others must be answered from the facts.
The facts clearly show that the narrow wash slab required expert backing as the slab is to narrow to accommodate tractors and any deviation from perfect would necessarily cause the trailer wheels to drop into the muddy mire that surrounded the slab. Additionally, plaintiff was required to alight from his tractor into the mud and walk some distance in it to obtain a large hose (approximately IV2" in diameter), and to climb to the top of his rig on a straight steel ladder and wash down the truck.
The conditions described existed for some time. One must conclude that they were known to defendant.
It is not only reasonable to conclude but necessary to conclude that defendant could foresee harm to others from this condition and that it did not manage it’s property as a reasonable man and created an unreasonable risk of injury.
The presence of plaintiff on defendant’s property arose out of mutual interests which was beneficial to defendant and therefore plaintiff’s status was that of an “invitee”. The duty owed by defendant was to maintain it’s premises in a reasonably safe condition for such use by the invitee as is consistent with his purpose. Mercer v. Tremont, 19 So.2d 270 (La.App.2nd Cir. 1944).
“The duty owed an invitee includes the use of reasonable care and the discovery of reasonably foreseeable conditions which may be dangerous and result in injury, especially where there is time for the correction of the condition or the giving of warning to the invitee of the danger...”
Howard v. Early Chevrolet-Pontiac-Cadillac, Inc., 150 So.2d 309 (La.App. 2nd Cir. 1963)
The Supreme Court while denying liability in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976) abolished the classification of invitee, et cetera, as being of little value in applying C.C. 2316(15); and in Shelton and Walker, supra, adopted the duty-risk approach by a particular person to a particular person rather than by common law categories. The facts in this case show the duty and the violation of the duty and that plaintiff had no choice other than to act as he did.
The condition of defendant’s premises and the mud on plaintiff’s boot was the cause in fact of plaintiff’s injury and was there due to defendant’s negligence.
No negligence has been proved against plaintiff nor does the record establish that he assumed the risk. The defendant furnished the wash slab in furtherance of it’s business in selling cement materials and I submit that it’s duty to the truck drivers was the same as an employer or executive officer as the drivers had no other alternative and that the theory and holdings of the following cases are controlling.
“. . . a workman’s superior cannot create or permit danger and send the workman into it with a warning (none given here) and escape liability on a theory that the workman was contributorily negligent merely by going into the danger. The workman’s only other alternatives are to tell his superior how to run the job or quit.”
“. . . The test of negligence is reasonableness. While it may be true that the reasonable man would wish to avoid the known risk here, an employee is not en *691 tirely free to do so. He cannot simply decline to do the work, because he would then subject himself to a loss of his job and his means of support for self and family.. .”
“... When the party charged with the responsibility of observing safety factors fails to do so, it is grossly unjust to place the blame for a resulting accident on the person who poured the last cup of water before the defective dam broke, unless that person also exercises a substantial amount of knowledgeable control over the dangerous situation. There was no such knowledge or control by plaintiff in the present case. We concluded that the plaintiff’s conduct was reasonable under the circumstances...”
“... he is not to be judged as contributo-rily negligent just because he fails to stop, to analyze the possible alternatives and with some superior wisdom, calculate the relative advantages and disadvantages of the alternatives before he acts. In other words, if the safe alternative is as readily available and as obvious to the workman as is the danger of not choosing it then the workman is guilty of contributory negligence in performing the dangerous task.” Galloway v. Employers Mutual of Wausau, 286 So.2d 676 (La.App. 4th Cir. 1973—Cert, denied)—Chaney v. Brupbacher, 242 So.2d 627 (La.App. 4th Cir. 1970). “We therefore conclude that the trial judge properly rejected the defense of assumption of risk.” Mitchell v. Hepinstall Steel Co., 264 So.2d 325 (La.App. 4th Cir. 1972 — Cert, denied). “We conclude, as apparently did the jury, that the appellants failed to prove contributory negligence or assumption of risk on the part of O’Keefe. The duties of his work required him to be where he was, and he was doing his best to discharge those duties.” O’Keefe v. Warner, 288 So.2d 911 (La.App. 1st Cir. 1973—Cert, denied).
“We believe that by the term ‘a readily available reasonable alternative’ is meant that another option was open to the employee; he could have worked elsewhere, at a place which was both safe and free of any risk of harm. As regards an alternate means of access to the muffler pits, none existed or was furnished. There was no other means of ingress into and egress from, the muffler pits other than the steps upon which plaintiff Billedeaux fell.” Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir. 1978 — Cert, denied on liability).
All requirements for recovery have been met and plaintiff should have been awarded substantial damages.