436 So.2d 726 (1983)
Renna McCARTER, et al.
v.
LIBERTY MUTUAL INSURANCE CO.
No. CA 0699.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
*727 Heisler & Wysocki, Edmond J. Harris, Steven M. Koenig, New Orleans, for defendant-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Kristyne H. McCullough, New Orleans, for plaintiffs-appellees.
Before GARRISON, BARRY and BYRNES, JJ.
BYRNES, Judge.
This is a slip and fall case. Renna McCarter, plaintiff-appellant, filed suit in the Civil District Court, Parish of Orleans, on behalf of her minor children, against Liberty Mutual Insurance Co. and P.N. Harsch Co. d/b/a Kent's Department Stores. Plaintiff's children allegedly slipped and were injured in a Kent's store. A verdict was reached and judgment rendered for defendants dismissing plaintiff's suit. Plaintiff appeals.

FACTS
On March 21, 1981 appellant, and her two minor children, Victor and Sandra, were shopping at a Kent's department store. Upon entering the store, Mrs. McCarter placed Sandra in the child's seat of a shopping basket and allowed her son Victor to push it. Mrs. McCarter went ahead of the cart to do her shopping. Several minutes later Mrs. McCarter heard a loud crash and turned to see that the cart had fallen over, causing injuries to both children.

ISSUES
Appellant has raised three issues: 1.) That the trial court should have ordered either redeliberation by the jury or a new trial, because a juror changed her mind after the verdict form was signed; 2.) That if the verdict was validly entered then it was contrary to the law and evidence; and 3.) That the trial judge erred by excluding two of plaintiff's jury charges.

THE VERDICT
After deliberation the foreman informed the court that a decision had been reached *728 in favor of defendants by a 9-3 vote. Plaintiff requested that the jury be polled. The poll reflected an 8-4 vote. One of the jurors had apparently changed her vote. When the judge asked the juror if she had voted for the verdict at the time the foreman signed it she replied affirmatively. The judge ruled that since the vote was 9-3 at the time the verdict was signed then a subsequent change of a juror's mind could not alter the outcome.
It is clear that the principal purpose of polling the jury is to ascertain that all votes were counted correctly. If the count after polling is not the same as the count on the verdict form then the judge may, at his discretion, ask the jury to redeliberate, declare a hung jury and grant a new trial, or question the jurors as to their vote when the verdict was signed. The trial court wisely chose this third alternative. Upon discovering that the juror had voted in favor of the verdict when it was signed the court made that verdict the final judgment. Under these circumstances we find that the court was correct in his actions. There was no indication that the vacillating juror did not know the consequences of her vote at the time she cast it nor was there the least hint of any irregularity in the jury's deliberation.

THE LAW
We now address the question of whether the verdict itself was contrary to the law and evidence. The law of premises liability places an affirmative duty on a storekeeper to keep the floors and aisles of his establishment clean and free from objects which may cause an accident. Ruffin v. Trapp Chevrolet Incorporated, 424 So.2d 1192 (La.App. 1st Cir.1982). To establish a prima facie case of breach of that duty a plaintiff must show that there was a foreign substance on the floor and that this substance caused the fall and injury. Gonzales v. Winn Dixie, 326 So.2d 486 (La. 1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975). Upon establishing a prima facie case, a presumption of negligence on the part of the storekeeper arises and the burden of proof shifts to the defendant.
A careful review of the record reveals that plaintiff failed to establish a prima facie case. Mrs. McCarter and her son testified that a piece of tissue paper on the floor may have become entangled in the wheels of the cart immediately prior to the accident. However, Mrs. McCarter also stated that she did not see the accident occur, as she was not facing her children at the time, but turned around when she heard a loud crash. Conversely, defendant's witnesses testified that they found no foreign substance on the floor, that the cart was in perfect working order, and that two of them had witnessed Victor rolling the cart on its back two wheels just prior to the accident. Under these circumstances, the question of whether there was in fact a foreign substance on the floor which caused the accident is a matter of credibility. The question of credibility of witnesses is best evaluated by the trier of fact, in this case, the jury. McMillan v. Travelers Insurance Co., 371 So.2d 1213 (La.App. 1st Cir.1979). All reasonable findings of credibility made by the trier of fact are to be given great weight on appeal. Aleman v. Lionel F. Favret Co. Inc., 349 So.2d 262 (La.1977). In this appeal the jury's findings regarding the conflicting stories of the parties are supported by the evidence and will not be disturbed.

JURY INSTRUCTIONS
Plaintiff submits that the trial court erred in refusing to give the jury two of her special charges. These two instructions dealt with the burden of proof in slip and fall cases. The judge excluded these instructions on the basis that plaintiff had failed to establish the prima facie case which raises the presumption of negligence against a defendant. The judge further stated that there was not enough evidence presented to raise a presumption in favor of either party.
It is well settled that a judge is not required to give instructions submitted by either party as long as the instructions *729 actually given properly point up the issues in light of the evidence presented. McElroy v. Vest, 407 So.2d 25 (La.App. 3rd Cir.1981); Guidry v. Houston General Insurance Company, 396 So.2d 578 (La.App. 3rd Cir.1981). The record reveals that the trial court gave general negligence instructions which fairly, simply and unambiguously pointed out the issues presented by the evidence. We find that the jury charges were sufficient under the circumstances.

DECISION
The trial court was correct in entering the verdict of the jury and denying plaintiff's motion for a new trial. The verdict is amply supported by the evidence and is in accordance with the law. The trial judge committed no error in refusing to give two of plaintiff's jury charges.
For the above and foregoing reasons the judgment is affirmed. All costs of this appeal are to be borne by appellant.
AFFIRMED.
BARRY, J., dissents with written reasons.
BARRY, Judge, dissenting.
When the jury was polled, four jurors stated it was not their verdict. When questioned by the Trial Judge, one juror admitted voting for the defendant in the Jury Room, but changed her mind before the "verdict" was returned.
Apparently there is no case law on this issue. Certainly there must be some point when jury deliberations become final. Here the Trial Judge asked if the juror agreed with the majority when the vote had been taken, and after an affirmative response, the verdict was entered.
Under C.C.P. Art. 1812, when answers to the jury's interrogatories are inconsistent "... the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial." Though Art. 1812 is only illustrative, a parallel can be drawn where the jurors' vote in the Jury Room and the jurors' vote in open court are inconsistent.
It seems to me where a circumstance timely creates serious doubt that a judgment may have been improvidently rendered, judicial discretion may and should be exercised to prevent the loss of personal or property rights through an unjust decision.
I feel the jury's verdict should become final only after the Trial Judge directs entry of the judgment. I therefore respectfully dissent.