KLEES, Judge.
This suit arises from a collision between an automobile and a motorcycle that occurred on May 23, 1983. Plaintiff James Shepard, the driver of the motorcycle, sued Corbett Duhon, the driver of the car, as well as Duhon’s employer and various insurers for personal injuries allegedly incurred by plaintiff as a result of the accident. Following a full trial on the merits, the jury concluded that defendant Duhon was not guilty of any negligence that was a proximate cause of the accident, and the trial judge dismissed the case.
Plaintiff appeals the trial court’s judgment on three grounds: (1) The evidence presented did not furnish a reasonable factual basis for the jury’s conclusion; (2) The trial judge erred by failing to properly instruct the jury on the law; and (3) The trial judge erred by admitting into evidence a video tape made by defendants’ expert. After reviewing the record, we affirm the judgment of the trial court.
Concerning appellate review of facts, the Supreme Court has stated:
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are as reasonable.
Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973). Abiding by this standard, we find that the evidence presented at trial did furnish a reasonable factual basis for the jury’s conclusion that Mr. Duhon was not negligent in any way that contributed to the accident.
The car and motorcycle collided at approximately 10:00 a.m. on a sunny, clear, dry day at the intersection of Beechwood and Eunice Streets. Beechwood is the favored street, with Eunice controlled by a stop sign at the intersection. Both are two-way residential streets with no center stripes. The motorcycle was proceeding northward on Beechwood, but there was a dispute at trial as to whether Mr. Duhon’s car was travelling southward on Beechwood preparing to make a left turn onto Eunice (as defendants contended), or westward on Eunice intending to turn right at Beechwood (as plaintiff contended). Regardless of which version of the accident is accepted, however, there was sufficient evidence presented from which the jury reasonably could have concluded that Mr. Du-hon was not at fault. Specifically, a preponderance of the evidence indicated that the plaintiff was speeding, that Mr. Du-hon’s vehicle was stopped, and that the nearly head-on collision occurred outside of plaintiff’s proper lane of travel, in the southbound lane of Beechwood.
The speed limit on Beechwood is twenty miles per hour. Although plaintiff testified that he was going twenty to twenty-five miles per hour, this testimony was contradicted by both defendants’ experts and by plaintiff’s own expert. Mr. Burkart, an expert in accident reconstruction who testified for the defendants, estimated plaintiff’s speed at forty to fifty miles per hour. Similarly, Mr. Griffith, a physicist, calculated the motorcycle’s speed as being in the range of forty-two to fifty-seven miles per hour. Finally, Mr. Gould, plaintiff’s own expert in accident reconstruction, testified that the motorcycle was going about thirty-five miles per hour. Mr. Gould admitted that the plaintiff should not have been entering an intersection at that speed and that the excessive speed of the motorcycle contributed to the accident. According to Mr. Burkart’s testimony, if the motorcycle had been going twenty miles per hour, there would have been sufficient reaction time for plaintiff to have avoided the collision.
In addition to this evidence showing that plaintiff was travelling at an excessive rate of speed, the evidence overwhelmingly showed that defendant’s car was stopped *872 at the time of the collision. Defendant Duhon stated that he was proceeding southward on Beechwood and had entered the intersection of Beechwood and Eunice. As he prepared to turn left onto Eunice, he saw plaintiffs motorcycle coming toward him and stopped to let it pass, but the plaintiff ran into him. The defendants’ experts agreed with Mr. Duhon’s version of the accident. Moreover, Mr. Gould, plaintiff’s expert, also testified that Mr. Du-hon's vehicle was not moving at all at the time of the collision.
The third point brought out by the evidence which supports the jury’s conclusion is that although plaintiff was travelling northward, the accident occurred in the southbound lane of Beechwood. Mr. Du-hon stated that although the front of his car was angled slightly in preparation for his turn, he had definitely not crossed the “imaginary” center line of Beechwood. Officer Wright, who investigated the scene and made the police accident report, stated that from the location of the debris and of a fresh gouge mark in the concrete, he concluded that the point of impact was in the southbound lane of Beechwood at its intersection with Eunice. This position was confirmed by Mr. Burkart's data. Neither plaintiff himself nor plaintiff’s expert, Mr. Gould, gave any definite indication as to where the point of impact occurred. In view of this uncontroverted testimony, it was reasonable for the jury to conclude that the accident did occur in the southbound lane of Beechwood.
Regarding the path of Mr. Duhon’s vehicle prior to the collision, there was conflicting evidence such as would require the jury to base its decision on the relative credibility of the various witnesses. Mr. Duhon and defendants’ experts agreed that Mr. Duhon was travelling south on Beechwood. The plaintiff could not state for certain the direction from which Mr. Du-hon’s vehicle came, stating only that he saw “a glimpse of white” to his left. Plaintiff’s expert and plaintiff's wife, who claimed to have witnessed the accident while driving a car behind plaintiff, both testified that Mr. Duhon came from Eunice Street and turned right onto Beechwood.
Having had a first hand opportunity to judge the credibility of those testifying, the jury could have reasonably accepted either version of the accident. No matter which path Mr. Duhon took, even if he came from the stop sign at Eunice, the evidence that plaintiff was speeding and that Mr. Duhon was stopped outside of plaintiff’s proper lane of travel provides a reasonable basis for the jury’s conclusion that Mr. Duhon’s conduct did not cause the accident. The jury could have reasonably surmised that in an intersection, where there are no parked cars blocking the lanes, plaintiff was solely at fault for driving at an excessive rate of speed and failing to remain on his proper side of the road. In view of the evidence presented, we find that there was a reasonable factual basis for the jury’s decision, which decision is not manifestly erroneous.
Plaintiff’s second argument on appeal is that the trial judge committed reversible error in failing to give proper jury instructions. Our review of the record does not support this argument. It is well settled that the trial judge is not required to give the jury instructions submitted by either party as long as the instructions actually given properly point up the issues in light of the evidence presented. McCarter v. Liberty Mutual Insurance Company, 436 So.2d 726, 728-29 (La.App. 4th Cir.1983). In this case, we find that the instructions given were proper. For instance, plaintiff complains that the instructions failed to impress upon the jury the high degree of care which must be exercised by a left-turning motorist. We disagree. The jury was told, as plaintiff requested, that a person making a left turn who sustains an accident has the burden of showing that he was free from negligence. In addition, the trial judge read verbatim to the jury the obligations of a left-turning motorist from R.S. 32:122. These instructions were not in error.
The plaintiff also contends that the jury should not have been instructed that when an accident occurs to one side of an imaginary center line on the street, the motorist who is outside of his proper lane of travel has the burden of showing he is free from negligence. The plaintiff argues *873 that this instruction is not proper when given in reference to a residential street, such as Beechwood, where parking on both sides normally forces motorists to travel in the middle of the road. However, plaintiffs argument ignores the fact that this collision took place in an intersection, where parking is not a factor. Under the circumstances, the instruction was proper.
Plaintiff’s final contention on appeal is that the trial court committed reversible error by admitting into evidence a video tape made under the direction of defendants’ expert, Mr. Burkart. The tape showed the streets involved in the accident as they appeared several days prior to trial, and was offered to show how parked cars could obstruct the view of a motorist driving on Beechwood, which contains a slight curve, and also to rebut the statement of plaintiff’s wife, Patsy Shepard, that she left her house about 45 seconds after plaintiff did, travelled twenty miles per hour, and was only one-half block behind plaintiff when the collision occurred.
The determination of whether motion pictures or video tapes are admissible is largely within the discretion of the trial court. Lafleur v. John Deere Company, 491 So. 2d 624, 632 (La.1986). In this case, the trial court could have properly concluded that the probative value of a tape showing the actual layout of the streets and tending to discredit the testimony of the only eyewitness to the collision outweighed the possible prejudice to plaintiff of having the jury view Beechwood street with cars parked on it that were not necessarily there on the day of the accident, which fact the jury should have been capable of comprehending. Under the circumstances, we find that the trial judge did not abuse his discretion by admitting the video tape.
Accordingly, because we find no manifest error in the judgment of the trial court, we affirm that judgment dismissing the plaintiff’s action.
AFFIRMED.