ROY B. TUCK, Jr., Judge Pro Tem.
Defendant, Wilfred R. LaBauve, was indicted by a Calcasieu Parish Grand Jury on December 18, 1984, the bill of indictment charging him with one count of simple kidnapping, one count of possession of a firearm by a convicted felon, and one count of aggravated rape in violation of La.R.S. 14:42. Defendant was subsequently arraigned and entered pleas of not guilty. The counts were severed and the defendant tried on the charge of aggravated rape before a jury of twelve (12) persons who returned a verdict of guilty as charged. Subsequently defendant filed a motion for a new trial which was denied. Defendant was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence. Defendant appeals the denial of his motion for a mistrial and the denial of his motion for a new trial.
FACTS
The facts of the case itself are not at issue herein. Defendant’s complaint arises from the fact that, during his opening statement to the jury, the prosecuting attorney, referring to the alleged rape victim who was the state’s chief witness, said:
“You will find out that when Norma was seventeen years old, she attempted to shoplift a purse, very stupidly, very amateurishly. She got caught. She pleaded guilty. She paid a $40.00 fine. Other than that, she’s never been in trouble with the law or anything else. I don’t think that you will hold that much against her, if you look at the number of teenagers, people that get caught shoplifting.”
(Tr, p. 111).
The defendant did not object during or at the close of the state’s opening statement. When the victim was called to testify, the prosecutor, on direct examination questioned her concerning her name, present address, age, where she spent her youth, the extent of her education, the school she attended and continued with the following colloquy, to-wit:
Q. “Let me ask you this. Have you ever been convicted of a crime?
A. Yes.
Q. What was that?
A. Shoplifting.
Q. And what type of fine did you pay? A. Forty dollars.
Q. Have you ever been in any other trouble with the law or anything? A. No.
Q. How old were you when you committed that crime?
A. Seventeen.”
After this testimony the defendant objected and moved for a mistrial which was denied. (Tr. p. 116). Prior to sentence the defendant filed a motion for a new trial which was heard and denied. (Tr. p. 117 et seq.)
Defendant appeals, asserting the following assignments of error:
1. The trial court improperly denied defendant’s motion for a mistrial following direct examination of the State’s witness, Norma J. Napoleon, wherein the State’s attorney improperly impeached the credibility of the State’s own witness by inquiring as to her prior criminal record; and
2. The trial court improperly denied defendant’s Motion For A New Trial based on the State’s referral (sic) to the prior criminal record of it’s own witness, Norma J. Napoleon, both in the State’s opening statement and upon direct examination.
ASSIGNMENTS OF ERROR
Defendant contends that permitting these questions and statements impaired the effectiveness of his cross-examination of the witness and constituted an impeachment of the State’s own witness contrary to the provisions of La.R.S. 15:487.
“No one can impeach his own witness, unless he has been taken by surprise by the testimony of such witness, or unless the witness shows hostility towards him, and even then the impeachment must be limited to evidence of prior contradictory statements.”
*372 La.R.S. 15:487.
Clearly the state was not attempting to impeach it’s witness. On the contrary, counsel for the state attempted to have the witness forthrightly admit her prior conviction to lessen the probable negative impact on the jury if the fact was revealed on cross-examination. Surely counsel hoped that volunteering this damaging information would indirectly bolster the witness’ credibility in the eyes of the jury. A more appropriate statutory basis for the objection is La.R.S. 15:484 which provides in part that “testimony to establish the credibility of a witness is not admissible until that credibility has been attacked.” See State v. Passman, 345 So.2d 874 (La.1977); State v. Boyd, 359 So.2d 931 (La.1978). It had been held, however, that some knowledge of a witness’ background is fundamental to the fact finding process and is not prejudicial to the defendant. Accordingly, it is not error to allow a few questions concerning age, family status, education and employment. State v. Green, 443 So.2d. 531 (La.1983). Assuming, arguendo, that the conduct in the instant case goes beyond the scope of State v. Green, supra, and may have formed the basis for a valid contemporaneous objection, nevertheless, appellate relief cannot be given for any error, defect, irregularity, or variance which does not affect substantial rights of the accused. C.Cr.P. Art. 921.
La.C.Cr.P. Article 775 provides in pertinent part:
“A mistrial may be ordered, and in a jury case the jury dismissed when:
[[Image here]]
(3) There is a legal defect in the proceedings which would make any judgment entered upon the verdict reversible as a matter of law;”
Mistrial should be granted only when the defendant is so prejudiced that he has been deprived of any reasonable expectation of a fair trial. Granting or denying a mistrial rests within the sound discretion of the trial judge and will not be disturbed absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983).
The defendant does not contend that he was prejudiced by the jury’s knowledge of the criminal record of the complaining witness. He complains that he was deprived of what his counsel believed to be some tactical advantage in eliciting this information on cross-examination of the victim. The first assignment of error is without merit.
La.C.Cr.P. Article 851 provides in pertinent part:
“The motion for new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegation it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
(2) The court’s ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
[[Image here]]
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”
In State v. Fuller 414 So.2d. 306, 308 (La.1982) our Supreme Court said:
“.. .The ruling on a motion for new trial is committed to the sound discretion of the trial judge and will be disturbed on appeal only where there is a clear showing of abuse of that discretion. State v. Spell, 399 So.2d. 551 (La.1981); State v. Manning, 380 So.2d. 54 (La.1980).”
No injustice was done the defendant. The error, if any, was harmless. The defendant has not been prejudiced. He concedes in brief that the trial judge did not abuse his discretion. The second assignment of error is equally without merit.
AFFIRMED.