DOMENGEAUX, Judge.
David James Whatley, the defendant, was convicted on May 28, 1987, of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1), and on July 15, 1987, he was sentenced to serve a term of seven years at hard labor, with credit for time served.
Whatley now appeals raising four assignments of error. Three of Whatley’s assignments preserved for appeal have not been briefed and are, therefore, considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).
FACTS
On January 23, 1983 Whatley was stopped for speeding by State Trooper Howard McKee. When McKee discovered the *546 defendant was driving under a suspended license Whatley was arrested and placed in the officer’s police car. Trooper McKee then ran a registration check on the defendant’s vehicle which revealed that the car was not registered in Whatley’s name. Whatley told McKee that he was the true owner of the car and that paper work to that effect could be found in the glove box. McKee went to the passenger side of the defendant’s car and asked the passenger, Homer Whatley, the defendant's brother, to open the glove box and remove the paper work. When Homer Whatley opened the glove compartment a small plastic bag containing a substance suspected to be marijuana rolled out. Trooper McKee then arrested and handcuffed Homer Whatley, placed him in the police car and called a tow truck to impound the vehicle. McKee’s inventory search of the defendant’s vehicle uncovered several other bags of a green leafy matter which also appeared to him to be marijuana. When McKee’s search revealed the larger quantity of the green leafy substance, subsequently tested and determined to be marijuana, he stopped his inventory search and, at the request of the defendant, called a narcotics officer.
Trooper Jimmy D. Morris, a narcotics officer, subsequently arrived on the scene. McKee and Morris then resumed McKee’s inventory search of the Whatley vehicle and discovered $2,775.00 in cash and eight, one troy ounce, silver ingots.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error the defendant argues that the Trial Court erred in failing to grant his motion for a mistrial pursuant to La.Code Crim.Proc. art. 775(3). Whatley contends that the testimony of Trooper Morris constituted perjury and that he was denied a fair trial.
Trooper Morris testified that no one had tampered with the money seized from Whatley’s car subsequent to the defendant’s arrest in January of 1983. Morris also testified that the money being offered into evidence was the same money taken from the defendant’s vehicle. These statements proved false when it was discovered that the money allegedly seized and sealed in an envelope in 1983, contained several 1985 series bills. Trooper Morris admitted under cross-examination that he had acci-dently comingled the monetary evidence in this case with the monetary evidence of another case. Morris admitted that he counted out the correct sum for this case, but later discovered that the denominations written down and the money he had counted out did not correspond. Morris stated that he went to a nearby bank and changed the money into bills corresponding to the correct denominations.
The defendant contends that all of Morris’ testimony is suspect and especially damaging because Morris was the only witness to a confession he made which was introduced at trial. The defendant concludes that the jury must have relied on Morris’ perjured declarations and that the net effect is that he did not receive a fair trial.
Under La.Code Crim.Proc. art. 775(3) a trial court may order a mistrial when there is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law. A mistrial, however, is a drastic remedy and is authorized only when substantial prejudice would result to the accused. State v. Smith, 418 So.2d 515 (La.1982); State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 969 (La.1984). Granting or denying a motion for a mistrial rests within the sound discretion of the trial judge and should not be disturbed absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983).
In State v. LaBauve, 496 So.2d 370 (La.App. 3rd Cir.1986), this Court stated that a mistrial should be granted pursuant to article 775 only when the defendant is deprived of any reasonable expectation of a fair trial. In the instant case the defendant was not denied a fair trial. Trooper Morris was severely discredited during a rigorous cross-examination.
In State v. Charles, 350 So.2d 595 (La.1977), another case in which a police officer perjured himself in a criminal proceeding, *547 the Louisiana Supreme Court upheld the Trial Judge’s denial of a request for a mistrial. The High Court upheld the Trial Court’s action because the defense attorney totally impeached the police officer and there was no evidence that the defendant had to alter his defense as a result of the perjury.
The Trial Judge, during his general jury instructions, also pounded home the point that the jury was to determine the credibility of all witnesses and may assign no value to the testimony of a witness whom they believed was not telling the truth. The jury’s instructions read, in part:
As jurors you alone should determine the weight and credibility of the evidence ... you should scrutinize carefully the testimony given and the circumstances under which the witness has testified. ...
In evaluating the testimony of a witness you may consider his, or her ... his or her manner while testifying, ... and the extent to which the testimony is supported or contradicted by other evidence. ...
The testimony of a witness may be discredited by showing that the witness will benefit in some way by the defendant’s conviction or acquittal, ... or that the witness has any other reason or motive for not telling the truth. These are the circumstances you may consider along with all other evidence in deciding whether you believe any or all of the testimony of a witness....
If you believe any witness has lied deliberately to deceive you, then you may disregard all his statements and you may take the position that his testimony proves nothing because it is unworthy of belief.
The defendant’s • assertion that he was substantially prejudiced by the testimony of Trooper Morris is incorrect because there was sufficient evidence, excluding Morris’ testimony, to support his conviction. Trooper McKee testified that he stopped the defendant for speeding and discovered that he was driving with a suspended license. Whatley was placed under arrest and a check of the license plate on his vehicle revealed that it was registered to someone else. Trooper McKee testified that the defendant said he owned the car and that evidence of his ownership was in the glove box. McKee testified that he went to the passenger side of the vehicle and asked Homer Whatley, the passenger in the car, to open the glove box and remove the registration. When Homer Whatley opened the glove box a small plastic bag containing marijuana rolled out. Trooper McKee testified that he then arrested Homer Whatley, called a tow truck to impound the vehicle and began an inventory search. McKee testified that his inventory search, conducted, in part, with Trooper Morris, uncovered several other bags of a green leafy substance that also appeared to him to be marijuana, $2,775.00 in cash and eight silver ingots.
Officer Ray T. Delcomyn, of the Northwest Louisiana Crime Lab, testified that he took possession of the substance suspected to be marijuana from Trooper McKee on January 24, 1983. Delcomyn testified that the evidence was sealed and that he secured it in the evidence locker. The substance was, thereafter, removed from the evidence locker, tested and determined to be marijuana.
The defendant did not suffer any significant prejudice nor was he deprived of a fair trial. Morris’ testimony was exposed to the jury and the jury was well aware that it could disregard this testimony in determining the guilt or innocence of the defendant. Ample evidence was presented, exclusive of the perjured testimony, to support a conviction. The Trial Judge did not abuse his discretion in denying the defendant’s motion for a mistrial.
For the above and foregoing reasons, the conviction of David James Whatley is affirmed.
AFFIRMED.